**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Samuel SCROGGINS, Defendant–Appellant.**

**No. 89–8910
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 5, 1990.

---

Sheila Tyler, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

F. Gentry Shelnutt, Jr., Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Defendant Samuel Scroggins appeals the district court's sentence of two years incarceration imposed for his violation of his supervised release. Because the sentence was not plainly unreasonable, we affirm the court below.

In January of 1988, defendant pled guilty to theft of public money, in violation of 18 U.S.C. § 641, for breaking into and stealing money from postal stamp vending machines. He was sentenced under the Sentencing Guidelines to one year in prison and a subsequent term of two years supervised release.[1] The conditions of the supervised release required that Scroggins, *inter alia,* not commit another crime, report to his probation officer monthly, pay restitution, and participate in a substance abuse program.

While Scroggins was serving his supervised release term, his supervision officer alleged that Scroggins had violated the conditions listed above and requested that the court consider action regarding the supervised release. At the hearing to revoke the supervised release, a postal inspector testified that Scroggins had admitted to breaking into and stealing $3000 from several postal vending machines while on supervised release. The court then revoked the supervised release and sentenced Scroggins to a two-year prison term.

The issue of how a court should apply the Sentencing Guidelines when determining a sentence upon the revocation of a supervised release is of first impression in this circuit. A sentence imposed for an offense for which there is no applicable guideline should only be reversed if the sentence is plainly unreasonable. 18 U.S.C. § 3742(e)(4).[2] The guidelines provide only that the court *must* revoke supervised release upon finding a violation of the release conditions based on new criminal conduct and *may* revoke supervised release for any other violation of the supervised release. U.S.S.G. § 7A1.3. There is no specific provision for a new guideline calculation upon revocation. The governing statute does provide, however, that a court may, after considering the factors in 18 U.S.C. § 3553,

---

1. The sentence was affirmed on appeal. *United States v. Scroggins,* 880 F.2d 1204 (11th Cir. 1989).

2. The statute reads, in pertinent part:
   **(e) Consideration.**—Upon review of the record, the court of appeals shall determine whether the sentence—

   .    .    .    .    .

    **(4)** was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742.

revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release.

18 U.S.C. § 3583(e)(3). The factors listed in section 3553 include: the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities.

The defendant focuses his argument on the reference in section 3553 to the guideline sentencing range. Specifically, the section lists as a factor the "sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(4). Although defendant admits that the Sentencing Commission has instituted no guidelines governing the sentencing upon revocation of a supervised release, he argues that this reference to the guidelines requires a consideration of offense level and criminal history based on the guidelines which, by his calculations, result in a six month sentence instead of the two years determined by the court. The defendant claims that the court should have added the original 1988 conviction to his criminal history score under the guidelines, which would raise his score from 4 to 6 and move him from Category III to Category IV. This adjustment would produce a sentence range of 18 to 24 months. Defendant then argues that since he received the lower range in the original sentence, he should receive the lower range now, and that he should receive credit for the 12 months he spent in prison on the original sentence. This results in a 6 month sentence.

Defendant's application of the guideline method, however, is not based on any particular guideline provision for the violation of supervised release because, as he concedes, there is no such provision. He ad-

mits that because there are no applicable guidelines, the court should apply section 3583. He then asserts, that as that section refers the court to the guidelines for consideration in sentencing, the court should invent a specific guideline instead of applying the body of section 3583.

In essence the defendant wants his situation treated as if he had been convicted of another crime, not as a violation of supervised release. Defendant was not convicted of another crime. He violated his supervised release and Congress has outlined the appropriate sanction for such a violation. As the Ninth Circuit has recently noted, "section 3583 and Guidelines 7A1.3 delineate all of the alternatives a court has when a person violates a condition of his supervised release." *United States v. Behnezhad*, 907 F.2d 896, 897 (9th Cir.1990).

The district court complied with the statute. There are no applicable guidelines, and thus the court applied section 3583. The term of the defendant's supervised release was two years. Section 3583 permitted the court to sentence the defendant to "all or part" of the term of supervised release. The court sentenced the defendant to two years in prison, with no credit for time served on the supervised release, after finding violations of the terms of the release. This sentence was not plainly unreasonable. AFFIRMED.