[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15706
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00172-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SOLOMON APHEUS POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 28, 2005)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, defendant Solomon Apheus Powell appeals his 60-month sentence, which was imposed for violating the conditions of his probation. After review, we affirm.

## I. BACKGROUND

### A. Underlying Offense

On August 25, 1998, Powell pled guilty to obstruction of the United States mail, in violation of 18 U.S.C. § 1703. On November 20, 1998, the district court sentenced Powell to 60 months' probation and a $500 fine. Powell's term of probation commenced on August 21, 2001, following the termination of a state sentence on unrelated conduct.

### B. Probation Violations

On July 23, 2002, a federal probation officer filed a petition in the district court alleging that Powell had violated the terms of his probation and recommending that Powell's probation be revoked. On September 7, 2004, the probation officer filed an amended petition alleging that Powell committed several offenses, including: (1) assault, resisting, obstructing a police officer, possessing a fraudulent transaction device, larceny, and unlawful driving away of a motor vehicle in Michigan; (2) theft of property, aggravated assault on a police officer, evading arrest by a motor vehicle, and violation of vehicle registration in

Tennessee; (3) failure to update his personal information with the sex offender registry in Georgia; (4) failure to notify the probation officer within 72 hours of any change of residence or employment; (5) failure to report to the probation officer and submit a report; (6) failure to pay fine as directed; and (7) failure to participate in mental health treatment as directed. Pursuant to Chapter 7 of the Sentencing Guidelines, the probation officer recommended a term of 4-10 months' imprisonment.

## C.    Revocation Hearing

At the ensuing revocation hearing, Powell pled guilty to all of the violations in the amended petition, except for the allegation concerning the offenses he committed in Tennessee. The district court then revoked Powell's probation. The district court sentenced Powell to 60 months' imprisonment, the statutory maximum. In doing so, the district court stated: "I think he should be sentenced outside or beyond the guideline range." The district court further stated:

> Mr. Powell has continuously demonstrated his total disregard of the criminal justice system. Reports indicate he refused to be supervised, and he again absconded from probation and supervision after sentencing on the instant offense. The file also indicates that while running from State and Federal supervision he committed numerous serious criminal acts in two other states. It is the Court's position that the defendant is not a candidate for supervision. The Court feels that this maximum sentence is appropriate for the actions and his choices that he has made.

3

Neither Powell nor the government raised any objections to the sentence.

## II. DISCUSSION

### A.   Due Process Claim

On appeal, Powell argues that the district court violated his due process rights by sentencing him above the recommended Guidelines range without considering the Guidelines and without stating its reasons for doing so.[1]

Upon finding that the defendant violated a condition of probation, a district court may revoke probation and impose a term of imprisonment after considering certain factors set forth in § 3553(a).  See 18 U.S.C. § 3565(a)(2).  Specifically, the district court must consider the policy statements set forth in Chapter 7 of the Guidelines.  See § 3553(a)(4)(B).  However, the supervised-release and probation provisions set forth in Chapter 7 of the Guidelines are advisory.  U.S.S.G. ch. 7, pt. A(1), (3)(a), § 7B1.4; see United States v. Cook, 291 F.3d 1297, 1301 & n.6 (11th Cir. 2002) (noting that Chapter 7 of the Guidelines, applicable to revocation of probation and supervised release, contains nonbinding advisory policy statements, including a table with terms of imprisonment based on the grade of violation and defendant's criminal history, and stating that "[t]he Sentencing Commission has

---

[1]In the district court, Powell failed to raise any of the objections presented in this appeal. Where, as here, the defendant fails to raise the issue in the district court, we review for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

not yet promulgated any binding probation revocation guidelines; instead, the Sentencing Commission has opted for the flexibility of advisory policy statements, which are nonbinding on the courts").

In this case, the district court expressly considered the Guidelines range recommended by Chapter 7, determined that Powell should be sentenced above that advisory range, and stated specific reasons for its decision. The district court first stated that Powell should be "sentenced outside or beyond the guideline range." Further, the district court specifically cited Powell's "disregard for the criminal justice system," the fact that Powell "committed numerous criminal acts" while on probation, and that Powell ran from law enforcement and probation authorities. Thus, contrary to Powell's claims, the district court did consider Chapter 7 and did state its reasons for sentencing Powell above the Guidelines range. Thus, the district court did not violate Powell's due process rights.[2]

## B.    Reasonableness

Powell also argues that his 60-month sentence was unreasonable under the circumstances and that the district court erred under United States v. Booker, 543

---

[2]Powell also argues that the district court violated § 3553(c) because it failed to adequately articulate its reasons for imposing the 60-month sentence. Section 3553(c) requires the district court to state in open court its reasons for the imposition of a particular sentence if the sentence is above the Guidelines range. See § 3553(c). We have not yet determined whether a district court's failure to comply with § 3553(c) in the context of probation revocation is error, must less plain error. In any event, we have concluded that the district court adequately stated its reasons in open court for imposing the sentence.

U.S. ___, 125 S. Ct. 738 (2005) by failing to consider the factors enumerated in 18

U.S.C. § 3553(a).[3]

Prior to Booker, we reviewed a federal sentence imposed after revocation of

supervised release using the "plainly unreasonable" standard set forth in 18 U.S.C.

§ 3742(e)(4).  United States v. Scroggins, 910 F.2d 768, 769 (11th Cir. 1990).

However, in Booker, the Supreme Court excised § 3742(e), which contained

standards of review, from the Sentencing Reform Act and replaced it with a

reasonableness standard.  Booker, 125 S. Ct. at 764-66.

Post-Booker, our sister circuits have determined that Booker's

reasonableness standard is the same as the now-excised "plainly unreasonable"

standard in § 3742(e)(4).  See United States v. Tedford, 405 F.3d 1159, 1161 (10th

Cir. 2005) ("Although the Supreme Court's decision in United States v. Booker

altered our standard of review for most sentencing cases, the standard of review for

---

[3]Section 3553(a) requires a district court to consider the following:
(1) the nature and circumstances of the offense and the history and characteristics
of the defendant; (2) the need for the sentence imposed (A) to reflect the
seriousness of the offense, to promote respect for the law, and to provide just
punishment for the offense; (B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and (D) to provide
the defendant with needed [treatment]; . . . (4) the kinds of sentence and the
sentencing range established for . . . (B), in the case of a violation of probation or
supervised release, the applicable guidelines or policy statements issued by the
Sentencing Commission . . . ; and (5) any pertinent policy statement . . . issued by
the Sentencing Commission.

18 U.S.C. § 3553(a).

cases where the defendant challenges the revocation of her supervised release remains the same."); United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) ("[T]he new standard of review will not change the result in this case, because the new standard is actually the same as the one we would have used otherwise."); United States v. Fleming, 397 F.3d 95, 99 (2d Cir. 2005) (applying reasonableness standard of review in revocation of supervised release case after Booker).  We agree and review Powell's sentence for reasonableness.

Here, the district court considered the § 3553(a) factors and imposed a reasonable sentence.  In sentencing Powell, the district court considered the Chapter 7 Guidelines range and that Powell (1) had "absconded from probation and supervision"; and (2) had "committed numerous serious criminal acts."  Based on the record, the district court adequately considered the § 3553(a) factors, and we conclude that a 60-month sentence was reasonable.  See United States v. Robles, – F.3d – , 2005 WL 1083487, at *4 (11th Cir. May 10, 2005) (stating that even if the defendant "was sentenced post-Booker and we were reviewing for reasonableness, we would not expect the district court in every case to conduct an accounting of every § 3553(a) factor . . . and expound upon how each factor played a role in its sentencing decision").  Accordingly, his Court affirms Powell's 60-month sentence imposed after revocation of probation.

**AFFIRMED.**