[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11644
Non-Argument Calendar

_____

D. C. Docket No. 99-00323-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEAL O'HARA DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 18, 2005)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Neal O'Hara Daniels appeals his sentence of 11 months

imprisonment, to be followed by 38 months supervised release, imposed after the

district court revoked his supervised release, pursuant to 18 U.S.C. § 3583(e). During his revocation hearing, Daniels admitted to supervised release violations and requested that he be sentenced to a term of imprisonment, without a term of supervised release, based on his inability, or unwillingness, to comply with the requirements of supervised release. The district court rejected the request, after stating: "Your argument is basically [that] . . . the more unsuccessful you demonstrate to the [c]ourt you are going to be on supervised release[,] the more we're going to reward you by not putting you on supervised release."

On appeal, Daniels argues that his sentence, while legal, was unreasonable because: (1) he is a "troubled individual," who was sexually abused as a child, suffers from epileptic seizures, has attempted suicide, and has serious substance abuse problems; and (2) he can successfully complete a term of imprisonment, but has difficulty meeting the technical requirements of supervised release. He notes that, under 18 U.S.C. § 3553(a), the district court was required to, but did not, consider his history and characteristics.

Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we reviewed a sentence imposed after revocation of supervised release using the "plainly unreasonable" standard set forth in 18 U.S.C. § 3742(e)(4). *See United States v. Scroggins*, 910 F.2d 768, 769

2

(11th Cir.1990).  Although the Supreme Court in *Booker* excised § 3742(e) and replaced the standard of review with a "reasonableness" standard, *Booker*, 543 U.S. at __, 125 S. Ct. at 764-66, that standard is the same as the "plainly unreasonable" standard in § 3742.  Therefore, we will review Daniels's sentence for reasonableness.

Upon finding that the defendant violated a condition of supervised release, a court, after considering the factors set forth in § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7), may revoke a term of supervised release and

> require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, . . . except that a defendant . . . may not be required to serve on any such revocation . . . more than 3 years in prison if such offense is a Class B felony[.]

18 U.S.C. § 3583(e)(3).  In addition, "the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment," the length of which "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  18 U.S.C. § 3583(h).  Chapter 7 of the Sentencing Guidelines, which governs violations of supervised release, contains policy statements, one of which, U.S.S.G. § 7B1.4, provides recommended ranges of imprisonment applicable upon

3

revocation. Policy statements are merely advisory and thus, non-binding. *United States v. Cook*, 291 F.3d 1297, 1301 (11th Cir. 2002). It is enough if "there is some indication the district court was aware of and considered [Chapter 7 of the guidelines,]" *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). Additionally, the district court may impose any sentence within the statutory maximum. *United States v. Hofierka*, 83 F.3d 357, 362-63 (11th Cir.1996).

Because the record demonstrates that (1) Daniels's sentence legally was imposed; (2) the district court's denial of his request for a longer term of imprisonment, rather than an additional term of supervised release, was based on its hesitation to reward defendants who are unsuccessful on supervised release; and (3) the district court properly considered the § 3553(a) factors, we conclude that Daniels's sentence was reasonable. Accordingly, we affirm Daniels's sentence.

**AFFIRMED.**

4