[DO NOT PUBLISH]

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

----------------------------------------

**No. 04-15296**
**Non-Argument Calendar**

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 93-00083-CR-1-4

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

VENESTER FAYNE,

                                        Defendant-Appellant.

----------------------------------------------------------------

**Appeal from the United States District Court**
**for the Southern District of Georgia**

----------------------------------------------------------------

**(December 21, 2005)**

**Before EDMONDSON, Chief Judge, BLACK and PRYOR , Circuit Judges.**

**PER CURIAM:**

Venester Fayne appeals her 84-month total sentence, imposed after the

district court revoked her supervised release.  No reversible error has been shown;

we affirm.

In 1993, Fayne initially was sentenced concurrently to (1) 60 months'

imprisonment for conspiracy to defraud, 18 U.S.C. § 317, (2) 120 months'

imprisonment for credit card fraud, 18 U.S.C. § 1029(a)(2), (3) 125 months'

imprisonment for bank fraud, 18 U.S.C. § 1344, and (4) 3 years' supervised

release on each count.  After revoking Fayne's supervised release in 2004, the

district court imposed consecutive sentences of 24 months' imprisonment for each

of the conspiracy and credit card fraud convictions and 36 months' imprisonment

for the bank fraud conviction, for a total term of imprisonment of 84 months.

Fayne argues that her sentence is unreasonable when compared with

sentences imposed on defendants who allegedly committed more egregious

conduct.  We disagree.

Before Booker, we reviewed a federal sentence imposed after revocation of

supervised release using the "plainly unreasonable" standard set forth in 18 U.S.C.

§ 3742(e)(4).  United States v. Scroggins, 910 F.2d 768, 769 (11th Cir. 1990).  But

in Booker, the Supreme Court excised § 3742(e), which contained standards of

review, from the Sentencing Reform Act and replaced it with a reasonableness

standard.  See Booker, 125 S.Ct. at 764-66.  After Booker, other circuits have determined that Booker's reasonableness standard is the same as the "plainly unreasonable" standard in § 3742(e)(4).  See United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005); United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005); United States v. Fleming, 397 F.3d 95, 99 (2d Cir. 2005).  So, we will review Fayne's sentence for reasonableness.

After determining that a defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain factors set out in 18 U.S.C. § 3553(a).[1]  See 18 U.S.C. § 3583(e).  The sentencing court "shall state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c).

We cannot say that the district court acted unreasonably when, after Fayne violated conditions of her supervised release, the court sentenced her to two years'

---

[1] The factors the district court must consider are

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; . . . (4) the kinds of sentence and the sentencing range established for . . . (B), in the case of a violation of . . . supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ; and (5) any pertinent policy statement issued by the Sentencing Commission.

> 18 U.S.C. § 3553(a).

imprisonment for each of the conspiracy and credit card fraud convictions and three years' imprisonment for the bank fraud conviction. Fayne admitted that she violated some of the supervised release conditions, including that she used computer equipment and an internet service to obtain funds from and make contact with persons. The district court noted that, in 2003, Fayne had a revocation hearing based on a minister's accusation that Fayne had defrauded him of $20,000.[2] At the instant revocation hearing, the district court deemed credible the testimony of a person who stated that, after responding to a personal ad Fayne had placed on an internet dating service, he gave Fayne approximately $230,000 in what he thought were loans, but that Fayne lied about why she needed the money and did not repay him. An investigating agent described Fayne as "one of the most dangerous women I have ever investigated."

And the district court set forth specific reasons for the imposition of the sentences, including Fayne's criminal history and her threat to the public. The district court indicated that it had taken the Guidelines' policy considerations into account and recognized that the Guidelines called for a substantially less sentence of 7 to 13 months. The court stated that it believed only imprisonment would stop

---

[2] The minister recanted his story and told law enforcement that he willingly had parted with the money. The district court did not revoke Fayne's supervised release at that time.

Fayne from committing future frauds, because Fayne had not shown that imprisonment had deterred her from operating as a "con-artist and a flimflam operator" since age 17.

Further, although the sentences imposed were above the recommended Guideline range, these sentences were within the applicable statutory maximums for revocation of supervised release. See 18 U.S.C. § 3583(e); United States v. Hofierka, 83 F.3d 357, 362-63 (11th Cir. 1996) (stating that, on revoking supervised release, district court may impose sentence in excess of recommended Guideline range as long as sentence is within statutory maximum). And we entrust to the district court's discretion whether to impose these sentences consecutively. See United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998). In sum, each of Fayne's sentences was within the applicable statutory maximum and was reasonable in the light of the evidence of Fayne's conduct while on supervised release.

Fayne next challenges the constitutionality of the supervised release system; she cites United States v. Booker, 125 S.Ct. 738 (2005). She asserts that the district court lacked authority to sentence her to additional imprisonment--after

she had served the statutory maximum sentences for the conspiracy and credit card fraud convictions--without affording her a jury trial.[3]

To the extent that Fayne challenges her original term of supervised release, she "may not challenge, for the first time on appeal from the revocation of supervised release, [her] sentence for the underlying offense." See United States v. White, 416 F.3d 1313, 1314 (11th Cir. 2005). And we have written that, even where a defendant has served the statutory maximum prison term for an offense, the district court may sentence the defendant to an additional term of imprisonment for breaching the terms of supervised release. See United States v. Proctor, 127 F.3d 1311, 1313-14 (11th Cir. 1997).

Further--assuming that Booker applies to sentences imposed after the revocation of supervised release--Fayne failed to raise her Booker objection in the district court. We review only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005).[4] Fayne admitted to violating terms of supervised release: no Sixth Amendment violation

---

[3] Fayne concedes that the Supreme Court has noted in dicta that supervised release violations need not be criminal acts and need not be proved to a jury for a defendant to be imprisoned for these violations. See Johnson v. United States, 120 S.Ct. 1795, 1800 (2000).

[4] On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court then may exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. Id.

6

occurred.  See White, 416 F.3d at 1318.  Also, no statutory Booker error occurred due to the mandatory application of the Guidelines.  The portion of the Guidelines pertaining to supervised release revocation is advisory, not mandatory.  See id.  And the evidence does not show that the district court perceived the Guidelines as mandatory: to the contrary, we note that the district court sentenced Fayne above the recommended Guideline range.  In other words, the district court committed no reversible error under Booker in sentencing Fayne upon revocation of her supervised release.

**AFFIRMED.**