[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

No. 05-11062
Non-Argument Calendar

_____

D. C. Docket No. 99-10029-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASHANTI SWEETING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 26, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

**I.**

Appellant Ashanti Sweeting appeals his 24-month sentence imposed upon the revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e). Sweeting was on supervised release based on his conviction for distributing a detectable amount of cocaine base, for which he was sentenced to 100 months imprisonment to be followed by a four-year term of supervised release (hereinafter referred to as "case no. 99-10029"). Sweeting was convicted in another unrelated case for distributing a detectable amount of cocaine base (hereinafter referred to as "case no. 99-10019"), for which he was sentenced to a 100-month term of imprisonment to run concurrent with the sentence in case no. 99-10029. Sweeting's sentences were reduced to 26 months, pursuant to Fed. R. Crim. P. 35(b) motions filed in both cases, to reflect his substantial assistance in other government prosecutions. While out on supervised release in both cases, Sweeting was indicted and convicted of two counts of distributing crack cocaine and was sentenced to ten years imprisonment (hereinafter referred to as "case no. 03-10010"). As a result, his supervised release was revoked in case no. 99-10029 and case no. 99-10019. The district court judge in case no. 99-10019 imposed a three-year term of imprisonment, to run consecutive to the ten-year term imposed in case no. 03-10010. The district court in case no. 99-10029 imposed a two-year term of

2

imprisonment, to run consecutive to the thirteen-year sentences for the other two cases. Sweeting now appeals that consecutive two-year term.

## II.

On appeal, Sweeting argues that the district court's decision to impose a second consecutive sentence for the same violation of supervised release constitutes an abuse of discretion. Sweeting asserts that by imposing a consecutive instead of a concurrent sentence, the court has in essence added an additional five years to his sentence for identical violations, which is double the applicable Guideline recommendation and, therefore, is plainly unreasonable.

## III.

Prior to *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we reviewed a federal sentence imposed upon revocation of supervised release under the "plainly unreasonable" standard set forth in 18 U.S.C. § 3742(e)(4). *See United States v. Scroggins,* 910 F.2d 768, 769 (11th Cir. 1990) (per curiam). In *Booker,* however, the Supreme Court excised § 3742(e) and replaced it with a reasonableness standard. *See Booker,* 125 S. Ct. at 764-66. In the wake of *Booker,* numerous circuits applying the reasonableness standard prescribed in *Booker* to sentences imposed upon revocation of supervised release have concluded that the reasonableness standard of *Booker* is essentially the same

3

as the "plainly unreasonable" standard of § 3742(e)(4). *See United States v. Tedford,* 405 F.3d 1159, 1161 (10th Cir. 2005); *United States v. Cotton,* 399 F.3d 913, 916 (8th Cir. 2005); *United States v. Fleming,* 397 F.3d 95, 99 (2d Cir. 2005).[1] We agree and review Sweeting's sentence for reasonableness.

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides that district courts imposing a sentence must first consider, *inter alia*, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3553(a).

---

[1] Various panels of this circuit have also concluded as much, albeit in unpublished opinions. *See, e.g., United States v. Livingston,* No. 04-16287 (11th Cir. July 22, 2005) (per curiam); *United States v. Powell,* No. 04-15706 (11th Cir. June 28, 2005) (per curiam); *United States v. Turner,* No. 04-15161 (11th Cir. June 7, 2005) (per curiam); *United States v. Fayne,* No. 04-15296 (11th Cir. Dec. 21, 2005) (per curiam); *United States v. Pina*, No. 05-11815 (11th Cir. Dec. 23, 2005) (per curiam).

We cannot say that the district court acted unreasonably when, after Sweeting violated his supervised release by committing a controlled substance offense punishable by a term of imprisonment exceeding one year, the court sentenced him to two years imprisonment. First, Sweeting admitted that he violated the conditions of his supervised release, therefore the district court acted within its discretion when it revoked his release. *See* 18 U.S.C. § 3583(e). Second, the district court sentenced Sweeting to 24 months imprisonment, which is below the recommended Guideline imprisonment range of 33 to 41 months and within the statutory maximum sentence for a Class B or C felony. U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e). Third, the district court adequately considered the § 3553(a) factors in arriving at Sweeting's sentence, including his criminal history and his threat to the public. Fourth, the district court acted within its discretion when it imposed a consecutive sentence. *See United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998) (Whether terms of supervised release are to be served concurrently or consecutively is "a question that [18 U.S.C.] § 3584(a) entrusts to the [district] court's discretion."). In sum, Sweeting's 24 month consecutive sentence was within the applicable statutory maximum, the recommended Guideline range, and was reasonable in light of the evidence of his conduct while on supervised release. Accordingly, we affirm Sweeting's sentence.

**AFFIRMED.**

5