[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12697
Non-Argument Calendar

_____

D. C. Docket No. 04-00036-CR-01-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO PENA-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 17, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Alberto Pena-Lopez challenges his sentence of 12 months of imprisonment

after revocation of his supervised release. Pena-Lopez argues that his sentence is unreasonable because the district court failed to consider that he re-entered the United States illegally to support his family. We affirm.

We review a sentence imposed after revocation of supervised release for reasonableness. See United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). We review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The district court did not abuse its discretion by imposing a sentence within the guideline range. Pena-Lopez entered the country illegally, which violated a term of his supervised release. The district court stated that Pena-Lopez's recidivist conduct was "an act of defiance or [a] deliberate violation of the law" that it found "disturbing." The nature and circumstances of an offense and the history and characteristics of a defendant are relevant to fashion an appropriate sentence. See 28 U.S.C. §§ 3553(a), 3583(e)(3); United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). Pena-Lopez's sentence is reasonable.

**AFFIRMED.**