[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11766
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00043-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENYA PARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 4, 2009)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Kenya Parker appeals his 30-month sentence imposed upon revocation of his supervised release. After review, we affirm.

## I. BACKGROUND

In 1997, Parker was convicted of conspiracy with intent to distribute cocaine and cocaine base. The district court imposed a 120-month sentence, followed by five years of supervised release. Parker began his supervised release on March 16, 2006.

On August 29, 2007, Parker's probation officer petitioned for revocation of his supervised release, alleging that Parker had committed four violations: (1) a positive drug test for marijuana use in June 2007; (2) refusal to appear for a drug test on August 1, 2007; (3) refusal to appear for a rescheduled drug test on August 7, 2007; and (4) failure to report to his probation officer, as instructed, on August 20, 2007.

According to a supplemental petition, Parker did not report to his probation officer, as required, between August 2007 and August 10, 2008, when Parker was arrested on drug charges. Parker's failure to report and his drug arrest were the bases for two additional violations of his supervised release conditions.

The supplemental petition also alleged that Parker was arrested on August 10, 2008 while being served with the district court's warrant for the first four

2

violations of supervised release. Deputies in Escambia County, Florida conducted surveillance on a house where Parker was believed to be and followed Parker in his car when he drove away from the house. As the officers followed, they saw Parker throwing "what appeared to be powder cocaine out of the window," and the bags hit the officers' vehicle. After Parker was pulled over and arrested, officers found "several empty bags similar to the bags Parker threw from the vehicle," as well as cocaine residue and three Xanax pills. Officers also recovered the bags Parker threw from the vehicle, which contained traces of cocaine. Parker later admitted throwing the cocaine bags out the window.

Parker pled nolo contendre in Florida state court to possession of cocaine, possession of a controlled substance without a prescription and destroying evidence. Parker was sentenced to three six-month concurrent sentences. The government filed a copy of the state court judgment prior to the revocation hearing.

The probation officer prepared a "dispositional report," which is not part of the record on appeal. However, the parties do not dispute that the dispositional report provided that: (1) Parker faced a statutory maximum sentence of five years' imprisonment; (2) Parker's state court drug convictions were classified as Grade B violations under U.S.S.G. § 7B1.1(a)(2); (3) Parker's other violations were classified as Grade C violations under U.S.S.G. § 7B1.1(a)(3); and (4) under

3

U.S.S.G. § 7B1.4(a), the advisory guidelines range was 8 to 14 months' imprisonment. Parker did not object to the dispositional report.

At the revocation hearing, Parker did not contest the allegations in the petition for revocation or supplemental petition for revocation, and the parties agreed that the probation officer's guidelines calculations were accurate. Parker sought a sentence within the advisory guidelines range. The government expressed doubt about whether a sentence within the guidelines range would be appropriate given that Parker failed to report for over a year and appeared to have been dealing drugs when he was arrested in August 2008.

The district court imposed a 30-month sentence with no supervised release. The district court stated that it had considered the parties' arguments, the information in the dispositional report, the advisory guidelines range and the 18 U.S.C. § 3553(a) factors. The district court specifically cited Parker's absconding while on supervised release and agreed with the government that Parker was dealing drugs at the time of his August 2008 arrest. The district court stated that the state charge of simple possession was not "representative of the actual facts and circumstances of [Parker's] arrest." Parker objected to the district court's finding that he was dealing drugs at the time of his arrest. In response, the district court stated:

4

Well, I would be offended enough simply by the fact that he absconded, and not just took off but has to wait to get arrested again for drugs. No matter how you might describe that, finding him running down the highway, throwing out individual packets of cocaine seems to me to be somewhat indicative of his conduct. And, of course, he was absconding at the time . . . .

Parker filed this appeal.

## II. DISCUSSION

Parker argues that his 30-month sentence is procedurally unreasonable because the district court relied upon a finding that he was dealing drugs at the time of his August 2008 arrest, which was not supported by sufficient evidence.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).[1] When a defendant objects to a fact finding used to determine his sentence, the government bears the burden to establish the disputed fact by a preponderance of the evidence.

---

[1] The relevant § 3553(a) factors that the court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3583(e)(cross referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005) (addressing drug quantity finding used to calculate advisory guidelines range). "The preponderance of evidence is a relaxed evidentiary standard, however, it does not grant the court a license to sentence a defendant in the absence of sufficient evidence when that defendant has properly objected to a factual conclusion." Id.[2]

Parker has not shown that the district court committed clear error in its fact finding. The nature and circumstances of Parker's August 2008 arrest were proper factors for the district court to consider in sentencing Parker. See 18 U.S.C. § 3553(a)(1). Parker did not dispute any of the facts surrounding his August 2008 arrest contained in the probation officer's dispositional report. Parker fled from police, threw small plastic bags containing cocaine residue out of his car window as he fled and had both three Xanax pills and additional plastic bags with cocaine residue in his car when he finally was apprehended. Parker argues that these facts support a finding that he possessed cocaine for his personal use. But, that is not the only way to interpret that evidence. The district court's finding that Parker was

_____

[2]We review a sentence imposed upon revocation of supervised release for reasonableness. Sweeting, 437 F.3d at 1106-07. Our reasonableness review applies an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 591 (2007). We review for clear error a district court's fact findings at sentencing. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005). "We cannot find clear error unless we are left with a definite and firm conviction that a mistake has been committed." Id. (quotation marks omitted). "Where two permissible views of the evidence exist, the factfinder's choice between them cannot be clearly erroneous." United States v. Holloway, 74 F.3d 249, 252 (11th Cir. 1996) (quotation marks omitted).

6

dealing drugs is also a plausible inference and conclusion that can be drawn from the undisputed evidence. This is especially so because Parker had not just one or two bags with cocaine residue, but several bags he threw out and several bags in the car, along with three Xanax pills.

Accordingly, we cannot say the district court clearly erred or that the district court's 30-month sentence is procedurally unreasonable.[3]

**AFFIRMED.**

---

[3]Parker does not argue that his 30-month sentence is substantively unreasonable. However, he does argue that the district court's allegedly erroneous fact finding was the "driving force" behind the district court's decision to exceed the advisory guidelines range. We disagree. Parker's 2008 drug arrest was only one of six violations offered as grounds for the revocation. Furthermore, the district court explicitly stated it had considered all the § 3553(a) factors and emphasized Parker's refusal to report to his probation officer for over a year in imposing the 30-month sentence.