[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2010
JOHN LEY
CLERK

_____

No. 09-15080
Non-Argument Calendar

_____

D. C. Docket No. 07-80158-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRIN VIRGIL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Darrin Virgil, Jr., appeals his eight-month sentence of imprisonment,

imposed after violating the terms of his supervised release, 18 U.S.C. § 3583. On

appeal, he contends that this sentence is substantively unreasonable.

We review a sentence imposed upon the revocation of supervised release for

reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir.

2006). A reasonable sentence is one that is both procedurally and substantively

reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging

the reasonableness of the sentence bears the burden of establishing that the

sentence is unreasonable in light of both the record and the § 3553(a) factors.

*United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).[1] Here, Virgil

challenges only the substantive reasonableness of his eight-month sentence and we

limit our review accordingly.

At sentencing, Virgil agreed that the sentencing guideline range of four to

ten months' imprisonment had been properly calculated and requested the court to

---

[1] The relevant § 3553(a) factors include:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed . . . treatment;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . . ; and
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).

sentence him at the low-end of the guideline range and order his placement in a halfway house. Virgil's attorney explained that the structure of the halfway house would assist Virgil in becoming a better citizen in society. The government asked for a longer term of incarceration given the circumstances surrounding the revocation of his supervised release, but agreed that placement in a halfway house would be beneficial. The probation officer briefly discussed her concerns regarding Virgil's activities since his recent release from incarceration, but indicated that there was "some hope" so long as he could be "redirected." The probation officer then explained to the district court that she believed that an eight-month rather than a four-month sentence would allow the Bureau of Prisons enough time to arrange for Virgil's placement upon release in a halfway house.

The district court stated that it "carefully considered the statements of all parties and the information contained in the violation report" and then sentenced Virgil to an eight-month term of imprisonment with a special condition that Virgil serve four months in a halfway house immediately after his term of imprisonment. Although the district court did not explicitly mention that it considered the § 3553 factors, given the statements from Virgil, the government and the probation officer regarding the benefit to Virgil of spending time in a halfway house in light of the ultimate sentence imposed, the record reflects that the district court "adequately

3

and properly considered" the sentencing objective of rehabilitation. *See* 18 U.S.C. § 3553(a)(2)(D). That the district court placed great weight on this one factor does not render the sentence unreasonable, given that the district court attempted to craft a sentence that was responsive to this individual defendant's request for rehabilitation. Moreover, Virgil's attorney, the government's attorney, and the probation officer each provided the court with information about Virgil's recent background as well as their impressions about his individual characteristics, see 18 U.S.C. § 3553(a)(1), statements the district court stated that it considered before rendering sentence. Accordingly, we find that Virgil's eight-month sentence is not substantively unreasonable.

**AFFIRMED.**