[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11960
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:04-cr-00228-WS-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NASHON AKKUR BARNES,
a.k.a. Honey Comb,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 14, 2010)

Before TJOFLAT, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Nashon Akkur Barnes appeals his 36-month sentence imposed following the revocation of his federal supervised release after state-court convictions for burglary and attempted murder.[1]  Barnes asserts the district court imposed an unreasonable sentence because the sentence is based on Barnes's state-court convictions and on the "premise" that the district court could reduce the sentence if Barnes successfully appeals his state-court convictions.  Barnes further contends he lacks a remedy to challenge his sentence in the event his convictions are overturned because 28 U.S.C. § 2255(f) imposes a one-year limitation on a motion to vacate an unlawful sentence and his state-court appeal is likely to last three to five years. After review, we affirm Barnes's sentence.[2]

The district court did not abuse its discretion when it sentenced Barnes to 36 months' imprisonment upon the revocation of his supervised release.  Barnes identifies no procedural error committed by the district court, which expressly considered the evidence and argument presented by the parties, Chapter VII of the

---

[1]Barnes was sentenced to life for his state-court convictions.  The district court ordered Barnes's supervised release revocation sentence to run consecutively to his life sentence.

[2]We review for reasonableness a sentence imposed upon revocation of supervised release. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).

Guidelines, the nature and severity of Barnes's offenses, and the other 3553(a) factors.

Additionally, Barnes's sentence is substantively reasonable. Barnes suffers no impediment to relief in the event his state-court convictions are overturned because he would have one year to move under 28 U.S.C. § 2255 to vacate his federal sentence. *See United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999) ("[A] district court may reopen and reduce a federal sentence once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence."); *United States v. Hofierka*, 83 F.3d 357, 364 (11th Cir. 1996) (noting that, if the defendant's state-court conviction "is reversed, he may seek appropriate modification of his supervised release revocation sentence at that time"). Accordingly, we affirm Barnes's sentence.

**AFFIRMED.**