[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13315
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cr-60031-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JESUS BRANDEL-MENA,
a.k.a. William Bonilla,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 9, 2015)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

William Brandel-Mena appeals his 21-month sentence imposed upon revocation of supervised release.  On appeal, Mr. Brandel-Mena argues that his sentence was substantively unreasonable because it should have been concurrent with, rather than consecutive to, the 48-month sentence he received in the Eastern District of Louisiana that formed the basis for his supervised release revocation.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States,* 552 U.S. 38, 41 (2007).  We first confirm that the district court committed no significant procedural error, such as improperly calculating the guideline range or inadequately explaining the chosen sentence.  *Id.* at 51.  We then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Id.*  The party challenging the sentence bears the burden to show that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir. 2010).

When a defendant violates a condition of supervised release, the district court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), revoke the supervised release and impose a term of imprisonment for the offense that resulted in the term of supervised release.  18 U.S.C. § 3583(e).  These factors include the nature and circumstances of the offense and the history and characteristics of the defendant,

2

the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C), (a)(4)-(7).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay,* 483 F.3d 739, 743 (11th Cir. 2007).  However, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey,* 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Moreover, a district court's unjustified reliance on any one § 3553(a) factor may be an indicator of an unreasonable sentence. *United States v. Crisp,* 454 F.3d 1285, 1292 (11th Cir. 2006).

In determining whether to impose a consecutive or concurrent term, the district court must consider the factors set forth in § 3553(a).  18 U.S.C. § 3584(b). According to the sentencing guidelines, "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the

conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f). We have upheld a consecutive sentence challenged on substantive reasonableness grounds where the district court adequately considered the § 3553(a) factors and the sentence was reasonable under the circumstances. *See United States v. Sweeting,* 437 F.3d 1105, 1106-07 (11th Cir. 2006).

Upon review of the record and consideration of the parties' briefs, we affirm.

On appeal, Mr. Brandel-Mena does not challenge the district court's revocation of his supervised release or its calculation of the advisory guideline range. He challenges only the district court's imposition on revocation of a consecutive, rather than concurrent, term of imprisonment.[1] Mr. Brandel-Mena fails to demonstrate that his sentence was substantively unreasonable in the light of the record and the applicable § 3553(a) factors.

Mr. Brandel-Mena's sentence was on the low end of the advisory guideline range. The district court noted that it had taken into account Mr. Brandel-Mena's

---

[1] Mr. Brandel-Mena argued at sentencing that one of the reasons he returned to the United States, thereby violating his supervised release, was that he was fleeing Honduras, where he was shot seven times. The government responded that according to the presentence investigation report in the Louisiana case, Mr. Brandel-Mena stated that he came back to the United States for financial reasons, not because of persecution. The district court heard the arguments of both sides and then stated, "I think, as we talked about last time, Mr. Brandel-Mena, what you've told me could be a defense to this charge. Your lawyer could argue that you came to this country under duress, fleeing from Honduras because you feared for your life. But, if you admit the allegation, you give up that defense, along with any and all other defenses." DE 53-6. Mr. Brandel-Mena responded that he wanted to admit the allegation and give up any and all defenses.

assistance to the government in connection with his Eastern District of Louisiana conviction, but it decided that this assistance had already resulted in a substantial reduction below the guideline range in the case in the Louisiana case.  The court stated that in imposing a sentence at the low end of the guideline range, it considered as a mitigating factor the fact that Mr. Brandel-Mena admitted the violation.  In fashioning its sentence, the district court was entitled to rely on Mr. Brandel-Mena's extensive criminal history and repeated reentries into the United States after deportation, as these factors related to the need to deter criminal conduct and protect the public from the defendant's future criminal conduct, as well as the history and characteristics of the defendant.  *See* 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C).  Indeed, in imposing a consecutive, rather than concurrent, sentence, the district court followed the guideline's recommendation.  *See* U.S.S.G. § 7B1.3(f).  Thus, the court did not abuse its discretion by imposing a 21-month consecutive sentence.  Accordingly, we affirm Mr. Brandel-Mena's sentence as substantively reasonable.

**AFFIRMED.**

5