**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10473

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KEITH LAVERT MCGHEE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00042-WWB-PDB-1

_____

Before LAGOA, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Keith McGhee appeals his sentence of 18 months' imprisonment with 18 months of supervised release—the top of the guidelines range and 6 months below the statutory maximum—imposed

upon a revocation of his supervised release. McGhee argues that his sentence is substantively unreasonable because the district court did not properly weigh mitigating evidence under 18 U.S.C. § 3553(a) and improperly weighed his criminal history.

We review the substantive reasonableness of a sentence imposed upon revocation of supervised release under a deferential abuse of discretion standard, considering the totality of the circumstances. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *Id.* at 1337–38. "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1338 (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

We give due deference to the district court's consideration and weighing of relevant sentencing factors. *Id.* Whether the applicable factors justify a variance is a discretionary call. *Id.*

Section 3583(e) of Title 18 governs the revocation of supervised release. 18 U.S.C. § 3583(e). It permits the district court to revoke a term of supervised release after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id.* These purposes include the need to deter criminal conduct and protect the public from the defendant's

future crimes.  18 U.S.C. § 3553(a)(2)(B)–(C).  In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the applicable guideline range, Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any of the defendant's victims.  *Id.* § 3553(a)(1), (4)–(7).  A court may not consider the factors set forth in § 3553(a)(2)(A) or (a)(3) when considering revocation of supervised release.  *Esteras v. United States*, 145 S. Ct. 2031, 2039 (2025).

While we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect it to be.  *United States v. Gomez*, 955 F.3d 1250, 1260 (11th Cir. 2020).  One indicator of reasonableness is whether the sentence falls well below the maximum penalty.  *Id.*  We will reverse a sentence imposed by a district court only if we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the factors.  *United States v. Moore*, 22 F.4th 1258, 1269 (11th Cir. 2022).

Here, McGhee does not meet his burden of showing that the district court abused its considerable discretion.  McGhee raises two central arguments against his sentence: the district court did not weigh heavily enough certain mitigating factors which could have justified a downward variance, and it improperly considered

his criminal history when the underlying purpose of a revocation sentence is to address the breach of trust.

As to the first argument, McGhee maintains that certain mitigating factors, such as his age, his difficulty reintegrating, and the relatively minor grade B violation warranted a downward variance. However, it is not an abuse of discretion for a district court to weigh the factors differently from how the parties might have. *See King*, 57 F.4th at 1338. It would only be an abuse of discretion if the district court did not consider an important fact, gave significant weight to an improper fact, or committed a clear error of judgment in the weighing. *See id.* The district court here expressly stated that it considered all of the parties' filings and arguments in the context of all of the § 3553(a) factors. Furthermore, it explicitly contextualized several § 3553(a) factors to McGhee's case, such as deterrence and protection of the public. Therefore, there is no evidence that the court omitted a relevant fact in making its determination.

As to the second argument, McGhee argues that the district court improperly considered his criminal history when handing down his revocation sentence because revocation proceedings are designed to ameliorate the breach of trust inherent in a revocation of supervised release. But McGhee's support for this contention is not availing. Citing the district court's "bad choices" comment, he argues that this reference showed the court's improper consideration of his criminal history when computing his revocation sentence. This comment, however, does not demonstrate that the

court considered an improper factor for two reasons. First, the context of the comment indicates that it was actually referring to the current violations of the supervised release before the court at the sentencing—in other words, the conduct that actually constituted the breach of trust—not McGhee's previous underlying convictions of carjacking or aggravated assault. Second, even if he were considering McGhee's criminal history in determining an appropriate revocation sentence, this is not an improper factor for the district court to consider under 18 U.S.C. § 3553(a)—several relevant factors directly implicate it. *See* 18 U.S.C. § 3553(a)(1) (defendant's history and characteristics); § 3553(a)(2)(B) (affording adequate deterrence); § 3553(a)(2)(C) (protecting the public from further crimes of defendant); *see also United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (holding that the district court properly considered defendant's criminal history and his threat to the public in arriving at his revocation sentence). Therefore, it was not improper for the court to consider McGhee's "bad choices."

Insofar as McGhee maintains that sentencing data for similar convictions shows that this sentence was far outside the norm, he fails to provide any data to support this. Additionally, he fails to show how a sentence within the guidelines range is overly punitive and a de facto life sentence. Sentences that fall well below the statutory maximum and within the guideline range are "ordinarily expected" to be reasonable. *Gomez*, 955 F.3d at 1260. Therefore, the § 3583(e) analysis provided by the district court, alongside the sentence's placement within the range and under the maximum, does not show a clear error of judgment given McGhee's criminal

history and repeated violations on supervised release.  Thus, McGhee's 18-month consecutive sentence is substantively reasonable.

**AFFIRMED**