**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12400

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

QUAVON HIRES,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20712-KMM-1

————————————————

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Quavon Hires appeals his 11-month imprisonment sentence for the revocation of his supervised release for associating with a person who was a convicted felon without permission. He asserts

the district court erred at sentencing by considering erroneous facts and placing undue emphasis on his criminal history.  Specifically, he contends the court relied on the incorrect assumptions that (1) the only time he did not commit a crime was when he was in prison; (2) he had a gun related to his violation of supervised release; and (3) the community needed protection from him based on his "affection for firearms."  He also contends the court placed undue emphasis on his pre-and post-incarceration criminal history without considering that he was a rehabilitated man.  After review, we affirm.[1]

We review the reasonableness of a sentence imposed upon revocation of supervised release for an abuse of discretion using a two-step process.  *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020).  We first look at whether the district court committed any significant procedural error, such as selecting a sentence based on clearly erroneous facts.  *Id.*  Then we look at whether the sentence is substantively reasonable.  *Id.*

## A.  Procedural Error

There is no evidence the court relied on erroneous facts in making its sentencing determination.  In fact, the court itself expressly disclaimed any reliance on the allegations related to the dismissed violations including Hires' alleged possession of a firearm. The district court stated "the only thing I'm relying on is what he pled guilty to . . . . That's it, short and sweet."  The district court

---

[1] We DENY Hires' motion to discharge counsel and proceed *pro se.*

should be taken at its word. *See United States v. Curtin*, 78 F.4th 1299, 1313 (11th Cir. 2023) (stating when a district court expressly disclaims reliance on a fact at sentencing, we take the district court at its word). As to the other statements Hires complains of, such as the comments about his inability to not commit crimes while out of prison and his "affection for firearms"—these are not facts. Rather, these were characterizations the court provided to express its perspectives on the case.

Even assuming, *arguendo*, that the court relied on erroneous facts, the error was harmless because it did not substantially affect the ultimate sentence imposed. *See id.* (explaining a district court's consideration of an impermissible factor at sentencing is harmless if the record as a whole shows the error did not substantially affect the selection of the sentence imposed). There was evidence of Hires' extensive criminal history before the court at sentencing, and several § 3553(a)[2] factors require its weighing, independent of

---

[2] Section 3583(e) of Title 18 governs the discretionary revocation of supervised release and permits the district court to revoke a term of supervised release after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). These purposes include the need to deter criminal conduct and protect the public from the defendant's future crimes. 18 U.S.C. § 3553(a)(2)(B)–(C). In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the applicable Guidelines range, Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (4)–(7).

any erroneous fact. The record shows that the district court was primarily concerned with Hires' history and characteristics and protecting the public.

## B. Substantive Reasonableness

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard considering the totality of the circumstances. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *Id.* at 1337-38. A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1338 (quotations and alterations omitted). We give due deference to the district court's consideration and weighing of the relevant sentencing factors. *Id.*

As to the weighing of Hires' criminal history, it was not substantively unreasonable because it was within the district court's considerable discretion. Several § 3553(a) factors the court must consider directly implicate criminal history. *See* 18 U.S.C. § 3553(a)(1) (defendant's history and characteristics); § 3553(a)(2)(B) (affording adequate deterrence); § 3553(a)(2)(C) (protecting the public from further crimes of defendant); *see also United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2005)

(holding the district court properly considered defendant's criminal history and his threat to the public in arriving at his revocation sentence). The court noted its specific concerns about protecting the public from a defendant who appeared to be a consistent recidivist any time he was not incarcerated, specifically pointing to the § 3553(a)(1) factor of the history and characteristics of the defendant. Thus, Hires fails to show how the district court gave significant weight to an improper or irrelevant factor when it weighed his criminal history. Hires' sentence is not substantively unreasonable.

**AFFIRMED.**