[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10164
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:08-cr-00328-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES L. RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

James Richardson appeals his 36-month sentence imposed after violating

the terms of his supervised release. He contends that his sentence, which was the statutory maximum, is procedurally and substantively unreasonable.

I.

We review the sentence imposed upon the revocation of supervised release only for abuse of discretion, and we use a two step process. Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 594 (2007); see also United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51, 128 S.Ct. at 597. If we find the sentence to be procedurally sound, the second step is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances. Id. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

As for procedural error, Richardson contends that the district court's

sentence was based on clearly erroneous facts. He argues that the district court erred in factoring into its sentencing decision his alleged attack of his girlfriend, Kristin Powell, because Powell testified at his first revocation hearing that she made up the attack. The district court did not find that testimony credible, concluding that Powell "had indeed been hurt very severely, but had—whether it's out of fear or out of affection, had changed her testimony . . . ." The district court instead credited Powell's statement the day of the attack, the testimony of the responding police officer, and photographs taken of Powell after the incident.

We give great deference to a district court's credibility determinations, accepting them unless they are clearly erroneous. See United States v. Glinton, 154 F.3d 1245, 1259 (11th Cir. 1998) ("[T]he appellate court shall give due regard to the opportunity of the [sentencing] court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." (quotation marks omitted)). Richardson's procedural challenge fails because the district court's finding that he attacked Powell was not clearly erroneous. That conclusion was supported by evidence in the record, including Powell's statement the day of the attack, the responding officer's testimony, and photographs taken of Powell. We conclude that no procedural error occurred.

Richardson also challenges the substantive reasonableness of his sentence. He contends that his 36-month sentence, which was the statutory maximum, is unreasonable because it is between 3 and 4 times the guidelines range. We disagree. Given Richardson's extensive criminal history, we cannot say that the district court's sentence is substantively unreasonable.

**AFFIRMED.**