[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16350
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 99-00034-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY N. GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 6, 2010)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Larry N. Green appeals his 14-month prison sentence, which was imposed for violating the conditions of his supervised release. On appeal, Green argues his sentence is unreasonable because the district court failed to adequately consider his mental health status and failed to specify its rationale for the sentence. After review, we affirm Green's sentence.[1]

A sentence may be procedurally unreasonable if, *inter alia*, the sentencing court fails to consider the § 3553(a) sentencing factors or fails to explain the chosen sentence adequately. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The district court need not discuss or explicitly state each factor on the record, and an acknowledgment by the court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848 (2009). A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). We generally "expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

---

[1] We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We review whether the sentence is reasonable under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007).

At the revocation hearing, the district court specifically considered the relevant § 3553(a) factors and explained its rationale for the chosen sentence. The record belies Green's contention that the district court did not properly consider his mental health when fashioning his sentence, as the district court explicitly instructed Green to participate in a mental health treatment program. Consequently, Green's sentence was not procedurally unreasonable.

Green's within-guidelines sentence is also substantively reasonable. Green used cocaine multiple times in violation of the terms of his supervised release. In light of these violations, the court imposed the sentence "to maintain respect for the law and to make it clear . . . that . . . supervised release is a serious component of any sentence." The § 3553(a) factors supported Green's sentence, and the district court did not make a clear error of judgment when it weighed them.

**AFFIRMED.**