[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13578
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00013-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 14, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Bruce Brown appeals his 235-month sentence, which the district court imposed after he pleaded guilty to distribution of cocaine base within 1,000 feet of a public housing facility, and his consecutive 24-month sentence, imposed upon

revocation of supervised release.  On appeal, Brown argues that: (1) the district court erred in calculating drug quantity at sentencing; (2) a 235-month sentence was greater than necessary to achieve the goals of sentencing; (3) his 2007 conviction was double-counted because it was used once in the career offender calculation, and again in sentencing him for revocation of supervised release; and (4) the district court erred by imposing a 24-month revocation sentence that runs consecutive to his new term of imprisonment.  After careful review, we affirm.

We review for clear error the district court's determination of the drug quantity for which a defendant is held responsible at sentencing.  United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005).  We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  We also review the sentence imposed upon revocation of supervised release for reasonableness.  United States v. Sweeting, 437 F.3d 1105, 1106 (11th Cir. 2006).  Similarly, we review the district court's imposition of a consecutive sentence for abuse of discretion.  United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009).

First, we reject Brown's claim that the district court clearly erred in its drug quantity estimate.  When a district court imposes a sentence and determines that the quantity of drugs seized does not reflect the scale of an offense, the court may

2

approximate the appropriate quantity of drugs attributable to the defendant, so long as the estimate is fair, accurate, and conservative. Rodriguez, 398 F.3d at 1296. In making this estimate, the court may use evidence showing the average frequency and amount of a defendant's drug sales over a given period of time. Id. When a defendant objects to a factual finding used in calculating the drug quantity, the government bears the burden of establishing the disputed fact by a preponderance of the evidence. Id. "Preponderance of the evidence" is a relaxed evidentiary standard, but the court must still base its determination on sufficient evidence. Id. We accord great deference to the district court's credibility determinations. United States v. Gregg, 179 F.3d 1312, 1316 (11th Cir. 1999).

Here, the evidence about drug quantities was based on information obtained from a cooperating co-conspirator. An investigator testified that this estimate was consistent with the investigation, which included two controlled buys, intercepted phone calls, and surveillance. While Brown argued that this information was untrustworthy, we accord the district court's credibility determination great deference. Because the court found the testimony credible, there was sufficient evidence for the court to find, by a preponderance of the evidence, that Brown should be held accountable for 61 ounces of cocaine base, and 15 ounces of cocaine powder.

We are also unpersuaded by Brown's claim that his 235-month sentence was substantively unreasonable.  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Here, the Guidelines classified Brown as a career offender, and the district court placed great weight on his criminal history, and the fact that he had previously been convicted of a drug trafficking crime. The court additionally expressed concern that he had committed the instant offenses within months, if not weeks, of his release from custody. Considering this and other sentencing factors, the court selected a sentence within the guideline range, which suggests reasonableness. In light of Brown's history and characteristics, as well as the circumstances and nature of the offense, his sentence was not unreasonable.

Nor are we convinced by Brown's challenges to his revocation sentence. Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering specific factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3). The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). The court's goal is to sanction "the defendant's breach of trust," not the defendant's original criminal offense conduct. U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). When considering what sentence is substantively reasonable in light of that breach,

the Guidelines expect that "the nature of the conduct leading to the revocation would be considered in measuring the extent of the breach of trust." Id.

If a prison sentence is imposed on a defendant subject to another term of imprisonment, the terms may run concurrently, partially concurrently, or consecutively. 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(d). In deciding whether to impose a consecutive or concurrent sentence, the court must consider the § 3553(a) factors, the type and length of the prior undischarged sentence, the time already served, the time likely to be served before release, and the court that imposed the prior sentence. 18 U.S.C. § 3584(b); U.S.S.G. § 5G1.3, comment. (n.4(A)).

In this case, there was no "double-counting" of Brown's 2007 conviction. That conviction was part of his criminal history for Guidelines purposes, which would have been true even if he had not been on supervised release at the time. Further, the revocation of supervised release was based on his new conviction, not his old one. Finally, the court's imposition of a revocation sentence was not another punishment for his 2007 conviction, but rather a sanction for his breach of trust. See U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b).

As for the district court's decision to run Brown's revocation sentence consecutive to his new term of imprisonment, the court explicitly considered the relevant § 3553(a) factors, and determined that running the sentences concurrently would fail to punish the violation of supervised release. Since the district court

expressed concern that Brown had resumed selling drugs shortly after his release from custody, this determination was reasonable.

**AFFIRMED**.