[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14270

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-08086 CR-DTKH

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

ALVIN G. KEEL,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 1, 2006)**

Before DUBINA and KRAVITCH, Circuit Judges, and STROM*, District Judge.

PER CURIAM:

_____
*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

Appellant Alvin G. Keel ("Keel") appeals his sentence of 23 months imprisonment and one year supervised release, which the district court imposed after determining that Keel violated the terms of his original supervised release. On appeal, Keel argues that the district court erred by allowing the admission of hearsay testimony during his revocation hearing, in violation of his due process rights and his Sixth Amendment rights, as recently addressed by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). Keel also argues that the district court's imposition of his sentence is a violation of his rights under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm Keel's sentence.

## BACKGROUND

In 1998, a federal grand jury returned an indictment charging Keel with one count of attempting to transport loggerhead sea turtle eggs, in violation of 16 U.S.C. § § 3372(a)(1), (a)(4), and 3373(d)(1)(B). Keel pled guilty to this offense pursuant to a plea agreement. At Keel's sentencing in 1999, the district court departed upward from the Sentencing Guidelines and sentenced Keel to 60 months imprisonment, the statutory maximum pursuant to 16 U.S.C. § 3373(d)(1)(B), because this was a Class D felony. *See* 18 U.S.C. § 3559(a)(4). The district court

2

also imposed a three year term of supervised release, which was the statutory maximum pursuant to 18 U.S.C. § 3583(b)(2), with the conditions of release including that Keel participate in an approved drug treatment program. Keel appealed his sentence, challenging only the reasonableness of the extent of the upward departure. This court affirmed Keel's sentence. *See United States v. Keel*, No. 99-4087 (October 6, 1999) (unpublished).

Keel served his prison term, and, in October 2002, his three-year term of supervised release commenced. In February 2003, the district court modified, without objection, Keel's supervised release to include placement in a community correctional center due to Keel's drug use. In May 2004, the United States Probation Office filed a petition to revoke Keel's supervised release, charging Keel with six supervised release violations, five violations relating to his drug use and one violation relating to his failure to report a change in residence. At his initial appearance before a magistrate judge, Keel admitted to these six violations. Shortly thereafter, the Probation Office submitted an amended petition to revoke Keel's supervised release modifying the previous charges against Keel to include a seventh supervised release violation, specifically, that on June 4, 2004, Keel failed to refrain from violating the law by attempting to transport marine sea turtle eggs in violation of 16 U.S.C. § § 3372(a)(1), (a)(4) and 3373 (d)(1)(B). This alleged

violation is a Grade B supervised release or probation violation. *See* U.S.S.G. § 7B1.1(a)(2).

In July 2004, a magistrate judge conducted a revocation of supervised release hearing. At this hearing, Keel restated his admission to violating the first six supervised release violations, but contested the seventh alleged violation. Consequently, the magistrate judge heard evidence from the Government on the seventh alleged violation. The evidence consisted of the testimony of U.S. Fish and Wildlife Service Officer William Calvert ("Calvert"), whose testimony recounted the events as explained to him by marine life researchers Chris Johnson and Kelly Stewart that led to Keel's arrest for the June 2004 sea turtle eggs offense. When Calvert began to testify, Keel objected to his testimony on hearsay grounds. [R. Vol. 4, p. 8-9]. The magistrate judge overruled the objection, stating that hearsay was admissible during these hearings. [*Id.* at 9]. Keel made a continuing objection to the hearsay testimony, and the court noted the objection for the record, but overruled it. [*Id.*]. Keel specifically stated that the hearsay testimony violated his right to confrontation and cited *Crawford* to support his objection. [*Id.*].

The magistrate judge found Calvert's testimony to be credible and relied upon it to conclude that Keel committed the offense in violation of supervised

release. Restating Keel's admission of the first six supervised release violations, the magistrate judge verbally recommended that the district court proceed to sentence Keel for all seven violations. Thereafter, the magistrate judge issued a written report and recommendation restating his verbal recommendation. In the report and recommendation, the magistrate judge notified Keel that he had ten days in which to file any objections. Keel filed no objections, and the district court subsequently adopted the magistrate judge's report and recommendation and found Keel in violation of his supervised release based on all seven charges.

In August 2004, the district court held a sentencing hearing. The only objection Keel made at sentencing was based on *Blakely*. [R. Vol. 5, p. 5, 20]. Keel stated specifically that in the event that the Supreme Court held that *Blakely* was applicable to revocation proceedings, the imposition of the original supervised release was unconstitutional because it was discretionary, and the court was required to make certain findings prior to imposing the term of supervised release. After emphasizing that Keel's criminal history details turtle egg poaching violations in the state courts dating back to 1989 and other separate incidences and convictions, the Government asserted that the applicable guideline range was 21 to 27 months. The Probation Office determined this recommended guideline range by considering the Grade B violation and Keel's criminal history category of VI,

which is the category determined at the time he was originally sentenced. *See* U.S.S.G. § 7B1.4(a), comment n.1. Thus, the Government recommended that the district court sentence Keel to 23 months imprisonment, one month shy of the statutory maximum for such violation,[1] followed by one year of supervised release. Considering the probation officer's opinion that Keel's continuing criminal behavior involving turtle eggs finances his cocaine addiction and noting that Keel's recidivism was the "paramount" consideration, the district court sentenced Keel to 23 months imprisonment to be followed by one year of supervised release. [R. Vol. 5, p. 16]. After the district court imposed the sentence, Keel restated his *Blakely* objection. Keel then filed a timely notice of appeal.

## ISSUES

1. Whether the district court erred by allowing the admission of hearsay testimony during Keel's revocation hearing.

2. Whether the district court's imposition of sentence, after revocation of Keel's supervised release term, violated his constitutional rights under the Sixth Amendment as interpreted by *Blakely*.

## DISCUSSION

---

[1] Since Keel's original offense was a Class D felony, the maximum term of imprisonment upon revocation authorized under 18 U.S.C. § 3583(g) and (e)(3) is two years. *See* 18 U.S.C. § 3583(g), (e)(3).

Keel argues that the magistrate judge's admission of the hearsay testimony at his revocation hearing denied him due process and violated his Sixth Amendment Confrontation Clause right as recently addressed by the Supreme Court in *Crawford*, 541 U.S. 36 (2004). Keel contends that the court should have employed the requisite balancing test enunciated by this court in *United States v. Frazier*, 26 F.3d 110, 112-14 (11th Cir. 1994) (holding that the Federal Rules of Evidence do not apply in supervised release revocation hearings; however, defendants are entitled to certain minimal due process requirements, and, therefore, district courts must balance the defendant's right to confront adverse witnesses against the grounds asserted by the Government for denying confrontation).

As noted earlier, Keel did not file any objections to the magistrate judge's report and recommendation. "The absence of objections to the magistrate's report and recommendation[] limits the scope of appellate review of factual findings to plain error or manifest injustice but does not limit review of legal conclusions." *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).

Even assuming *arguendo* that the magistrate judge erred in admitting the hearsay testimony with regard to the seventh violation without conducting the appropriate balancing test enunciated by this court in *Frazier*, we conclude that

the error here would be harmless because the ultimate sentence imposed by the district court after revocation of Keel's supervised release was reasonable. *See United States v. Sweeting*, ___ F.3d ___, No. 05-11062 (11th Cir. Jan. 26, 2006). The district court acted reasonably in sentencing Keel to 23 months imprisonment following his violation of supervised release because Keel admitted to six supervised release violations, five violations relating to his drug use and one violation relating to his failure to report a change in residence. The court informed Keel that these violations were sufficient grounds to revoke his supervised release. [R. Vol. 4, p. 4]. Therefore, the district court acted within its discretion when it revoked Keel's supervised release. *See* 18 U.S.C. § 3583(e). Additionally, the district court sentenced Keel to 23 months imprisonment, which is one month shy of the statutory maximum for such violation. *See* 18 U.S.C. § 3583(g),(e)(3). Moreover, the district court adequately considered the § 3553(a) factors, including Keel's recidivism, his drug addiction, his criminal history, the nature and consequences of the offense, and the need for the sentence to reflect the seriousness of the offense, in arriving at Keel's sentence. Accordingly, we cannot say that the district court acted unreasonably in sentencing Keel to 23 months imprisonment following the revocation of his supervised release.

Additionally, Keel contends that because he received the statutory maximum sentence for violation of the original conviction for stealing sea turtle eggs, any additional sentence imposed upon revocation of supervised release would be subject to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), *Blakely*, and *Booker*. Specifically, Keel contends that the district court violated his constitutional rights by sentencing him to 23 months imprisonment to be followed by one year of supervised release because this sentence, when added to his original sentence, exceeded the statutory maximum for his conviction offense. We reject Keel's argument. *Booker* does not apply to revocation hearings because the supervised release provisions have always been advisory. *United States v. White*, 416 F.3d 1313, 1318 (11th Cir. 2005); *United States v. Work*, 409 F.3d 484, 492 (1st Cir. 2005). *See also U.S.S.G.* § § 7B1.1-7B1.5; *U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, introductory cmt. (2004) (noting that only advisory policy statements apply to sentences imposed upon revocation).

For the foregoing reasons, we affirm Keel's sentence.

**AFFIRMED**.