[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14379
Non-Argument Calendar
_____

D.C. Docket No. 1:94-cr-00169-KMM-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK LODIGENSKY,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 28, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Lodigensky appeals the sentence a district court imposed when he violated the conditions of his supervised release.  For the reasons set forth below, we affirm.

Mr. Lodigensky completed a term of incarceration in February 2012 and began a three year term of supervised release.  As relevant here, under the terms of his supervised release Mr. Lodigensky was prohibited from committing any federal, state, or local crime.  In June 2013, the probation office petitioned the district court for revocation of Mr. Lodigensky's supervised release, alleging that he had committed a string of burglaries beginning in late 2012.  The district court conducted an evidentiary hearing and adjudged Mr. Lodigensky guilty of all alleged violations, a determination he does not challenge here.

The parole office's probation revocation report noted that the nine violations yielded an advisory guideline range of 33 to 41 months' imprisonment, but that the nature of the convictions for which he originally served time dictated that the maximum term of imprisonment that could be imposed upon revocation of supervised release was two years.  The district court accordingly sentenced Mr. Lodigensky to a two year term of imprisonment, which he does not challenge, to be followed by a one-year term of supervised release, which he now challenges on appeal.

2

We review the reasonableness of a sentence, including one imposed upon the revocation of supervised release, for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We "must first ensure that the district court committed no significant procedural error," including by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."[1] *Gall v. United States*, 552 U.S. 38, 51 (2007).

Mr. Lodigensky contends that his one year term of supervised release is procedurally unreasonable because the district court provided no explanation regarding why further supervised release was necessary.[2] We disagree. The

---

[1] The factors delineated in 18 U.S.C. § 3553(a) include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with needed educational or vocational training; and the kinds of sentences available and established sentencing ranges. *See* 18 U.S.C. § 3553(a)(1)-(5).

[2] Mr. Lodigensky also devotes considerable space in his brief to a discussion of why the district court is not permitted to impose any additional term of imprisonment should he violate his new one year term of supervised release. But he concedes that the district court had authority to impose the term of supervised release. Instead, he seems to suggest that, because the district court cannot impose further incarceration should he violate the terms of his supervised release yet again, the court was unreasonable to impose a term of supervised release at all. However, nothing would prevent the district court from imposing additional terms of supervised release if Mr. Lodigensky violates the current terms the court has delineated. Thus, the supervised release term is not without purpose and, as explained above, was based on the district court's reasoned judgment.

3

district court spoke extensively with Mr. Lodigensky and counsel for the government about Mr. Lodigensky's offense history and characteristics and the need to deter future criminal activity, as well as about the court's previous attempts to provide rehabilitation opportunities for Mr. Lodigensky, before stating that it had "considered the statements of all parties and the information in the [parole] violation report." Doc. 229 at 15; *see* 18 U.S.C. § 3553(a)(1)-(2). The court then "determined that a sentence within the guideline range is appropriate." *Id.* at 15-16. Because the record reflects that the district court considered the arguments on both sides and exercised reasoned judgment in arriving at an appropriate sentence, we cannot say the court abused its discretion. *See United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (noting the district court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] legal decisionmaking authority" but "is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors").

We next consider the substantive reasonableness of Mr. Lodigensky's sentence, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51. The weight to be accorded any given sentencing factor generally is committed to the sound discretion of the district court. *United States v. Dougherty*, 754 F.3d 1353, 1361-62 (11th Cir. 2014). A district court abuses its discretion in

sentencing a defendant by failing to afford consideration to relevant sentencing factors that were due significant weight, giving significant weight to an improper or irrelevant factor, or by committing a clear error of judgment in considering the proper factors. *Irey*, 612 F.3d at 1189.

Mr. Lodigensky argues that all that is necessary to make it less likely that he will recidivate is the two year term of imprisonment the district court imposed, so the additional term of supervised release necessarily is "greater than necessary" to achieve the deterrence the court seeks. *See* 18 U.S.C. § 3553(a) (proving that a sentence should be no greater than necessary to achieve the goals of sentencing, including deterrence of future criminal conduct). We disagree. The Supreme Court has emphasized that "forbidding the reimposition of supervised release after revocation and imprisonment would be fundamentally contrary to" Congress's intent to give district courts broad discretion to allocate supervision "to those releasees who needed it most." *Johnson v. United States*, 529 U.S. 694, 709 (2000). This is because "if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed." *Id.* The district court considered Mr. Lodigensky to be one of those prisoners who needed a decompression most considering that he previously committed nine violations of his term of supervised release. We see no abuse of discretion in imposing an additional one year term.

5

**AFFIRMED.**