[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11203
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00462-SCJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES PATRICK RICHARDSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 9, 2016)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

James Richardson appeals the sentence a district court imposed when he violated the conditions of his supervised release.  For the reasons set forth below, we affirm.

Richardson completed a term of incarceration in March 2013 and began a five year term of supervised release.  As relevant here, Richardson's supervised release was conditioned on his agreement to undergo drug screening in accordance with the probation office's established screening procedures and submit timely reports and documentation to his probation officer.  In January 2016, the probation office petitioned the district court for revocation of Richardson's supervised release, alleging that he had committed six violations of the terms of his release, including:  attempting to alter the results of a drug test; using drugs; failing to report a drug screening; failing to follow the probation officer's instructions; failing to submit monthly reports as instructed; and failure to submit proof of employment.  The district court conducted a hearing at which Richardson admitted all six violations.

The district court calculated an advisory guideline range of 6 to 12 months' imprisonment and noted that the statutory maximum for the violations was two years' imprisonment.  Richardson asserted that his conduct was the result of a relapse in his drug addiction and asked that the district court send him to inpatient

treatment rather than prison.[1]  The government recommended a sentence of 12 months' imprisonment and, in support, called Richardson's probation officer Shannon Brewer to testify.  Brewer testified that Richardson consistently was resistant to treatment and her supervision.  She provided the court with several examples of his resistance, including his reluctance to obtain full-time employment, refusal to sign a waiver so that Brewer could verify he was receiving drug treatment through a private company, and failure to appear for his first drug treatment session set up by the probation office.  Based on this testimony, the district court accepted the government's recommendation and sentenced Richardson to 12 months' imprisonment with no term of supervised release to follow.

On appeal, Richardson challenges the substantive reasonableness of this sentence.  We review the reasonableness of a sentence, including one imposed upon the revocation of supervised release, for an abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  When imposing a sentence for violating terms of supervised release, a district court must consider the factors

---

[1] Richardson also asked the district court to place him back on supervised release, but, as the government noted, revocation of supervised release was mandatory under 18 U.S.C. § 3583(g)(3) and (4) because Richardson had refused to comply with drug screening requirements and had tested positive for drugs more than three times in a calendar year.  Thus, the only question was whether Richardson was a candidate for inpatient drug treatment or should be again incarcerated.

delineated in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with needed educational or vocational training; and the kinds of sentences available and established sentencing ranges. *See* 18 U.S.C. § 3553(a)(1)-(5). The weight to be accorded any given factor generally is committed to the sound discretion of the district court. *United States v. Dougherty*, 754 F.3d 1353, 1361-62 (11th Cir. 2014). A district court abuses its discretion by failing to afford consideration to relevant factors that were due significant weight, giving significant weight to an improper or irrelevant factor, or by committing a clear error of judgment in considering the proper factors. *Irey*, 612 F.3d at 1189.

Richardson argues that his sentence is substantively unreasonable because the district court failed to take into account his ability to maintain employment, desire to obtain treatment for his addiction, and long period of successful supervised release prior to the January 2016 violations. We disagree. Despite Richardson's assertion that he wished to enter a drug treatment program, ample evidence about Richardson's resistance to drug treatment supported the district court's determination that he was not suited for inpatient treatment. And the district court was entitled, after hearing all the testimony and argument at the

4

revocation hearing, to weigh Richardson's resistance to treatment over the facts that he was able to sustain a job, wanted to overcome his addiction, and sustained a significant period of supervised release without violations.  *See Dougherty*, 754 F.3d at 1362-62.

Richardson has not demonstrated that the district court abused its discretion in imposing a within-guidelines 12-month term of incarceration.  We therefore affirm Richardson's sentence.

**AFFIRMED.**