[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13527
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20632-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS LUNDY,
a.k.a. Polo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Norris Lundy appeals the revocation of his supervised release and his subsequent sentence of eight months' imprisonment and twenty eight months' supervised release, which the district court ordered after he failed two drug tests in violation of the conditions of his supervised release.[1]  On appeal, he argues that the district court erred in revoking his supervised release by punishing his status as a drug addict in violation of the Eighth Amendment.  He also argues that his sentence was unreasonable because the district court failed to consider his addiction status and progress in treatment under U.S.S.G. § 7B1.4.  After careful review, we affirm.

## I.

Generally, we review a district court's decision to revoke supervised release for abuse of discretion, and we review the sentence imposed upon revocation for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  However, "[w]hen the appealing party does not clearly state the grounds for an objection in the district court, we are limited to reviewing for plain error." *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).  At the hearing below, Lundy stated that "we'll object on the basis and note our previous request

---

[1] Lundy completed his eight months of imprisonment on March 23, 2018.  However, because he still has to serve twenty eight months of supervised release, we do not consider his appeal moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) ("Once the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").

for treatment given the nature of these violations." Neither the objection itself nor the context of the objection in the record provides any clear indication of the grounds for the objection; therefore, we are limited to reviewing Lundy's claims for plain error. "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights and then only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations adopted).

## II.

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release and impose a term of imprisonment based upon a preponderance of the evidence showing that a defendant has violated a condition of supervised release. *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006) (per curiam). When a defendant possesses a controlled substance in violation of the conditions of supervised release, revocation and imprisonment are generally mandatory, 18 U.S.C. § 3583(g)(1), but when a defendant fails a drug test, the district court has discretion to grant the defendant an exception. 18 U.S.C. § 3583(d). In determining whether an exception is warranted, the Guidelines require that the court consider "the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs." U.S.S.G. § 7B1.4 cmt. 6.

3

Lundy first argues that the revocation of his sentence violated the Eighth Amendment because it punished his status as a drug addict, in violation of the Supreme Court's holding in *Robinson v. California*, 370 U.S. 660, 82 S. Ct. 1417 (1962). In *Robinson*, the Court struck down a California statute that made the "'status' of narcotic addiction a criminal offense" for which the offender would be "continuously guilty" until he reformed, regardless of whether he actually possessed or used illegal drugs. *Id.* at 666, 82 S. Ct. at 1420. The Court went on to hold that "a state law which imprisons a person thus afflicted as a criminal, even though he has never touched any narcotic drug within the State or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment." *Id.* at 667, 82 S. Ct. at 1420–21. In this case, the district court revoked Lundy's supervised release not because he was an addict, but because he twice tested positive for cocaine, which evidenced Lundy's *possession* and *use* of a controlled substance in direct violation of the conditions of his supervised release. Punishing these actions did not violate the Eighth Amendment.

Lundy also argues that the district court committed plain error because it failed to take into account Lundy's status as a drug addict and his progress in counseling as required by the Guidelines. We find that the district court did not plainly err. The court explicitly stated that it considered Lundy's arguments for reinstatement of his supervised release, rejected them, and then based its

4

revocation decision on permissible factors under 18 U.S.C. § 3582.  To the extent that the court also considered 18 U.S.C. § 3553(a)(2)(A) factors in imposing its sentence, Lundy has not shown any plain error under current law.  *See Vandergrift*, 754 F.3d at 1308–09.  Lundy admitted on the record that the district court correctly calculated his guideline range, and he has not shown that the district court committed any plain error in sentencing him to the bottom of that range.

The revocation of Lundy's supervised release did not violate the Eighth Amendment, and the district court did not commit plain error in sentencing Lundy to eight months' imprisonment and twenty eight months of additional supervised release.

**AFFIRMED.**