[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12101
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00457-RWS-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN L. MARINO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 23, 2019)

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Justin L. Marino appeals the eight-month sentence of imprisonment imposed

following the revocation of his supervised release.

We review the reasonableness of the district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). Issues not argued in the appellant's initial brief are abandoned. *United States v. Moran*, 778 F.3d 942, 985 (11th Cir. 2015).

Upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006); *see also* 18 U.S.C. § 3583(e)(3).

We examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Trailer*, 827 F.3d at 936. On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). The district court clearly errs when its sentence fails to meet the parsimony principle that the sentence be "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). *Id.* at 1196 (citing 18 U.S.C. § 3553(a)). The § 3553(a) factors that a court must

2

consider in imposing a sentence for a revocation of supervised release include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) afford adequate deterrence to criminal conduct, (b) protect the public from further crimes of the defendant, and (c) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing range established by the guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

The weight to be given each § 3553(a) factor is also within the district court's sound discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). However, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1326-27. Although we do not presume that a sentence within the guideline range is reasonable, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the statutory maximum also "points strongly to reasonableness." *United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016).

3

The maximum prison term that a defendant can be required to serve following revocation depends on the classification of the underlying felony conviction. *See* 18 U.S.C. § 3583(e)(3). A conviction for enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), carries a statutory maximum of life imprisonment and, thus, is a Class A felony. *Id.* §§ 2422(b), 3559(a)(1). Therefore, a defendant who was originally convicted under § 2422(b) and violates the terms of his supervised release can be sentenced to a maximum of five years' imprisonment upon revocation. *See* 18 U.S.C. § 3583(e)(3).

Here, Marino's eight-month sentence following the revocation of his supervised release was substantively reasonable. First, Marino argues that the district court placed too much weight on deterrence and punishment, but it was well within the district court's discretion to place more weight on these factors. *Kuhlman*, 711 F.3d at 1327. It specifically discussed the need for deterrence, emphasizing that Marino's violations occurred soon after serving a 151-month prison term and expressing some doubt about the deterrent value of additional prison time. 18 U.S.C. § 3553(a)(2)(B), 3583(e). But it concluded that deterring Marino from future criminal conduct was an important factor best served by a mid-guideline range prison sentence since the record reflected that Marino had not made a strong effort to comply with the terms of his supervision and had committed another criminal offense. 18 U.S.C. § 3553(a)(1), (2)(B), 3583(e).

Thus, the weight afforded to the need for deterrence was reasonable, and the district court did not clearly err in weighing this factor more heavily than the other § 3553(a) factors. *Kuhlman*, 711 F.3d at 1326-27.

Further, the district court balanced the need for deterrence against Marino's personal history and characteristics and the need to protect the public from his crimes. The district court considered Marino's personal history and characteristics, including his lack of support in Georgia, his aunt's financial and positive emotional support from Ohio, his employment, his largely positive response to sex offender treatment, and his alcohol problem. 18 U.S.C. § 3553(a)(l), 3583(e).  While Marino argues that his sentence does not contribute to the goal of protecting the public because he will not receive treatment for his alcohol problem while in prison, the district court considered the danger presented by Marino's drunk driving and acted within its discretion to address this issue by imposing a mid-guideline range prison sentence and adding alcohol treatment to the terms of the supervised release portion of Marino's sentence.  18 U.S.C. §§ 3553(a)(1), (2)(C), 3583(e).  Because the district court did not commit a clear error of judgment in weighing the § 3553(a)(2) factors as it did, it also did not violate the parsimony principle in imposing its sentence.  *Irey*, 612 F.3d at 1190, 1196.

Moreover, Marino's 8-month sentence, in addition to being within his guideline range of 5 to 11 months, was also well below the 60-month maximum

5

prison term that the district court could have imposed, and both are indicators of a substantively reasonable sentence. *See* 18 U.S.C. §§ 2422(b), 3583(e)(3), 3559(a)(l); *Nagel*, 835 F.3d at 1377; *Hunt*, 526 F.3d at 746. Based on the totality of the circumstances, the district court's sentence was substantively reasonable.

**AFFIRMED.**