[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12384
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20703-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO MIRANDA ACOSTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 28, 2020)

Before MARTIN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Alvaro Miranda Acosta ("Acosta") appeals his twenty-four-month prison sentence imposed by the district court when it revoked, for a second time, his supervised release pursuant to 18 U.S.C. § 3583(e). Acosta argues that his sentence is substantively unreasonable because the district court varied upward from the guideline range without proper justification. We affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

In 2010, a grand jury indicted Acosta on eleven counts relating to a scheme to steal credit card information through a co-conspirator working at a McDonald's restaurant. Specifically, Acosta provided the McDonald's employee a credit card skimmer and paid him $15 per account number skimmed. Over the course of five months, the McDonald's employee provided Acosta with over 2,000 credit card account numbers.

Acosta pled guilty to two counts in the indictment: possession of a skimming device in violation of 18 U.S.C. § 1029(a)(4) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). In return, the government dismissed the remaining charges. The district court ordered restitution and sentenced Acosta to sixty months in prison followed by three years of supervised release.

Acosta served his prison term and began supervised release in November 2015. In June 2016, a probation officer petitioned the district court for a warrant against Acosta, alleging that he violated the terms of his supervised release by failing

2

to refrain from violations of the law. Acosta had attempted to use another person's credit card at an electronics store to purchase a device worth over $2,400. After he could not present identification matching the name on the card, Acosta was detained by a police officer, attempted to escape and, in doing so, struck the police officer and kicked a store employee in the face. As a result, Acosta was arrested and charged under state law with grand theft, identity theft, battery, battery on a law enforcement officer, and resisting arrest with violence.

Per a joint recommendation between the government and Acosta, Acosta admitted all violations, except for battery on a law enforcement officer, which reduced the statutory imprisonment range from fifteen to twenty-one months to six to twelve months and a day. During the revocation hearing, the district court expressed its concern that two of the underlying offenses involved the same conduct for which Acosta was originally sentenced. Acosta took responsibility and expressed remorse for his actions, noting that this would be "the last chance for [him]," and that if he appeared back in court, "it's going to be the end for [him]." Acosta further noted that his conduct arose from being around the same group of people that involved him in his prior federal offenses and that he had been accepted to an electrician apprenticeship program that was supposed to begin two weeks after his arrest. He testified that he would surround himself with positive people and commence the apprenticeship program once out of prison.

3

The district court acknowledged Acosta's intelligence and opportunity to develop a career through the apprenticeship program, along with the need for Acosta to work to satisfy his restitution obligations. The district court adopted the parties' joint recommendation and sentenced Acosta to twelve months and one day of imprisonment followed by twenty-two months of supervised release. However, after providing Acosta advice on how to stay positive and away from trouble, the district court noted:

> The next time I will go over the guidelines if it is the same conduct again. I am hoping that this is the first day of the rest of your life and that I will never see you back here in this courtroom in this capacity again and that if I hear anything from you, it will be to celebrate your completion of and your certification as an Electrician.

Acosta commenced his twenty-two month term of supervised release on May 17, 2017. In May 2019, a probation officer again petitioned the district court to issue a warrant for Acosta for violating the conditions of his supervised release, alleging that on November 9, 2018, Acosta was arrested for burglary and possession of stolen credit cards, that he failed to notify his probation officer regarding his arrest, and that he left the judicial district without permission from his probation officer or the court. Specifically, Acosta was arrested and charged in Jacksonville, Florida, following an investigation into unauthorized requests for credit cards, theft of such credit cards from the victims' mail, and unauthorized charges on the credit cards at local electronics stores. The probation officer also informed the district court of

other criminal charges against Acosta filed in the Southern District of Ohio alleging conspiracy and trafficking of unauthorized access devices.  The probation officer calculated Acosta's guideline imprisonment range as six to twelve months, with a statutory maximum term of imprisonment of two years.

The district court began the revocation hearing by reading an apology letter Acosta wrote at the time of his initial sentencing and noting that they were "back on another identity theft" charge.  Acosta testified that he had been working for an electrical company and living with his parents.  The district court noted its intent to depart from the guidelines and sentence Acosta to twenty-four months in prison, explaining that "I gave you a break the last time, and I gave you a break the time before."  Acosta then admitted to the violations of his supervised release conditions. In seeking a lighter sentence, Acosta argued that he was taking responsibility for his actions and would likely resolve the Jacksonville charge as a misdemeanor.  He further explained that he had strong support from his family and girlfriend but had faced difficulty reintegrating into society because of his incarceration at an early age. He then apologized for his offenses and expressed his desire to "[f]ind a job, go to school [and] just try to get better in life" to prevent his return to the criminal justice system.

The district court acknowledged his talents, good mind, and positive support system and hoped that Acosta would learn from his negative choices.  However, it

found that the guideline imprisonment range of six to twelve months did "not adequately address the serious nature of the violations" and found twenty-four months of imprisonment necessary to "make sure that [he] [would] never [be] back in the Criminal Justice System again." The district court sentenced Acosta to two years in prison with no supervised release to follow. This appeal followed.

## II.    STANDARD OF REVIEW

This Court reviews a sentence imposed upon revocation of supervised release for reasonableness, *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006), and will not overturn a sentence for substantive unreasonableness absent an abuse of discretion, *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). Under this standard, we will affirm a sentence if it falls within the range of reasonable sentences, even if we would have found a different sentence more appropriate. *Id.* at 1190–91. We will vacate a sentence and remand for resentencing only if "we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Id.* at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

## III.    ANALYSIS

The district court revoked Acosta's supervised release and sentenced him to the statutory maximum of twenty-four months in prison—an upward variance from the six- to twelve-month imprisonment range under the Sentencing Guidelines. On appeal, Acosta argues that the district court failed to properly consider the factors under 18 U.S.C. § 3553(a) and therefore imposed a substantively unreasonable sentence. According to Acosta, the district court focused too much on Acosta's repeated offenses and too little on the likelihood that Acosta would not reoffend because of his supporting family and girlfriend. Acosta also claims that the district court failed to justify on the record its upward variance from the Sentencing Guidelines and, as a result, this Court must vacate his sentence. We find these arguments unpersuasive.

Under 18 U.S.C. § 3583, a district court may "revoke a term of supervised release[] and require the defendant to serve in prison all or part of the term of supervised release authorized by statute" if the court finds that the defendant violated a condition of supervised release. *Id.* § 3583(e)(3). In making this determination and imposing its sentence, the district court must first consider the factors set forth in 18 U.S.C. § 3553(a). Specifically, the district court must consider "section 3553(a)(1)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id.* § 3583(e). These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need to deter criminal conduct,

7

to protect the public from future crimes of the defendant, and to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentence and sentencing range established by the Sentencing Commission for the applicable offense and defendant categories, along with policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities between similar defendants; and the need to provide restitution. *Id.* § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7). Moreover, the Sentencing Guidelines indicate that the Sentencing Commission adopted a specific approach to sanction violations of supervised release: "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. ch. 7, pt. A, Introduction, n.3(b).

With these considerations in mind, the reasonableness of a sentence depends on the totality of the facts and circumstances. *Irey*, 612 F.3d at 1189–90. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). In other words, a district court must not unreasonably weigh

8

relevant factors or assign weight to irrelevant factors to arrive at a sentence that fails to achieve the purpose of sentencing under § 3553(a). *Id.*

However, while a district court's unjustified reliance on only one § 3553(a) factor may be indicative of an unreasonable sentence, *Pugh*, 515 F.3d at 1191, the district court may attach great weight to one factor over others because of its "considerable discretion" in deciding whether a variance is appropriate. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014) (quoting *Pugh*, 515 F.3d at 1191). In addition, the district court need not explicitly state on the record that it has considered each of the required factors or discuss them individually, so long as the record indicates that the district court considered the parties' arguments and the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). If the district court chooses a sentence beyond the applicable guideline range, it must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Here, Acosta admitted to Grade B violations of his supervised release conditions. The district court was therefore required to revoke his term of supervised release. *See* U.S.S.G. § 7B1.3(a)(1). At the outset of the revocation hearing, the district court read Acosta's previous letter to the court from his "initial sentencing on a very similar charge." And, throughout the hearing, the district court recounted

9

Acosta's history before the court, his previous similar offenses, his family's support, and his educational and career prospects. The district court also elicited updates from Acosta regarding his role in the household and his occupation and heard argument from Acosta's attorney concerning Acosta's trouble reintegrating into society after his repeated imprisonment, the unlikelihood of further offenses because of his support system, and his ability to resolve the pending criminal charge as a misdemeanor. After hearing from the parties, the district court found the guideline range insufficient in light of Acosta's "repeated failures" and its goal of "mak[ing] sure that [Acosta] [is] never back in the Criminal Justice System again." However, because of the district court's desire for Acosta to succeed after prison, the district court declined to impose further supervised release.

Based on the foregoing, we cannot conclude that the district court abused its discretion by improperly weighing or failing to consider the § 3553 factors required under § 3583(e) or by assigning weight to irrelevant factors. *See Irey*, 612 F.3d at 1189. The district court's reasoning and sentence reflect its emphasis on §§ 3553(a)(1) and (a)(2)(D) because it focused on Acosta's history, characteristics, offenses, and need to pursue education and a career once out of prison. The district court's reasoning and sentence also reflect its focus on §§ 3553(a)(2)(B) and (C) because of Acosta's repeated identity theft offenses that harmed the community and the need to deter him from reentering the criminal justice system.

10

While Acosta argues that he is not likely to reoffend because he has a strong support system and intends to go to school and get a job once released, this is the same position he took in 2016 before he again violated his supervised release conditions through similar identity theft offenses. Accordingly, we cannot say that the district court abused its discretion when it ascribed little weight to Acosta's stated intent to refrain from similar conduct. Furthermore, there is no indication in the record that the district court disregarded Acosta's support system and intention to pursue a career. On the contrary, the district court acknowledged his intelligence, supportive family, and need to stay out of trouble by not imposing further supervised release. We therefore find no abuse of discretion in how the district court weighed the relevant § 3553 factors to craft its sentence.

Finally, we reject Acosta's argument that the district court did not justify its upward variance on the record. The district court expressly considered the guideline range but found it inadequate to "address the serious nature of the violations." While the district court stated its intent at the outset of the revocation hearing to impose the statutory maximum sentence, the district court explained its upward variance in imposing the sentence after hearing from Acosta and his attorney, noting the need for a greater prison sentence with no further supervised release. When explaining why it was imposing the sentence, the district court again noted Acosta's "repeated failures" and its desire to not see Acosta in the criminal justice system. Based on

11

the district court's reasoning on the record, we find that the district court adequately explained its upward variance in a way that allows for meaningful appellate review.

Because the district court based its sentence on appropriate factors under 18 U.S.C. § 3553(a) including the need to deter Acosta's criminal conduct and protect the public and it did not abuse its discretion, we affirm the district court's sentence as substantively reasonable.

**AFFIRMED.**