[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10959
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00270-JB-N-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOLAN KENDRICK BOYINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 3, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Nolan Boyington appeals the district court's imposition of an 18-month above-guidelines sentence following the second revocation of his supervised release.  After careful review, we affirm.

## I.    BACKGROUND

Boyington completed a term of incarceration in 2017 and began a four-year term of supervised release.  While Boyington was serving his term of supervised release, his probation officer filed a noncompliance report, alleging that Boyington had tested positive for and admitted to using methamphetamine, a violation of the terms of his supervision.  The probation officer noted that Boyington had been warned that any further substance abuse could result in a petition to revoke his supervision but recommended that, for this violation, the district court continue supervised release.  The district court agreed.

Boyington's probation officer thereafter petitioned to revoke his supervised release, alleging that Boyington had violated several conditions of supervision by: (1) again testing positive for and admitting to using methamphetamine; (2) failing to notify his probation officer of multiple changes in residence, report to the probation officer as instructed, and comply with drug testing; and (3) being arrested and charged with possession of drug paraphernalia.  Boyington waived his right to a revocation hearing and admitted to the violations.  The district court

2

revoked Boyington's supervised release and sentenced him to 4 months' imprisonment followed by 24 months' supervised release.

After Boyington served his carceral sentence, he began his new term of supervised release. Three weeks later, however, Boyington's probation officer filed a noncompliance report alleging that Boyington had tested positive for and admitted to using marijuana and methamphetamine. The report indicated that the probation officer had warned Boyington that further violations could result in revocation of his supervised release. Again, the probation officer recommended that the district court continue supervision, and again the district court agreed.

Boyington continued to violate the terms of his supervised release. Thus, his probation officer filed a second petition to revoke supervision, alleging that Boyington had violated several conditions of his supervision by: (1) failing to contact a treatment provider after receiving an assessment suggesting he would benefit from substance abuse counseling; (2) failing to submit two monthly reports or to report to the probation officer as directed on two occasions; (3) associating with a person who had been convicted of a felony; (4) failing to report to the probation officer that he had been questioned by law enforcement on two occasions; (5) using methamphetamine after the noncompliance report; and (6) changing his residence without first notifying the probation officer. Boyington again waived his right to a revocation hearing and admitted to the alleged

3

violations.  The district court found that he had violated the terms of his supervision and revoked his supervised release.

The probation officer recommended a sentence upon revocation of 18 months' imprisonment followed by 12 months' supervised release.  This was an eight-month upward variance from the top of the guidelines range the probation officer had calculated, 4 to 10 months' imprisonment, *see* U.S.S.G. §§ 7B1.1(a)(3)(B), 7B1.4(a), but below the statutory maximum of 36 months' imprisonment.  At a sentencing hearing the government agreed with the probation officer's recommendation, citing the need for deterrence and noting Boyington's past revocation and the numerous violations of his terms of supervision, both technical and relating to drug abuse.

Boyington offered testimony of his mother and aunt in mitigation.  Both testified that Boyington was addicted to drugs, needed help, and recognized his need for help.  His mother told the district court that she had located a residential rehabilitation facility that would take Boyington for 18 months.  She told the court that sending Boyington to prison would not help his drug addiction because he had access to drugs in prison.  Boyington spoke on his own behalf, apologizing to the probation officer and his family and acknowledging that he needed help for his addiction.  Defense counsel argued against an upward variance, contending that Boyington's guidelines range accounted for his drug problems and recidivism and

asserting that a rehabilitation program would be more effective than prison. Counsel further noted Boyington's positive attitude and desire to receive drug treatment, as well as the fact that he was father to a 16-year-old and expecting a baby soon.

The district court acknowledged that Boyington had come before the court twice. The court explained that it had previously sentenced Boyington "in a generous manner," but that Boyington began using drugs "immediately on release." Doc. 251 at 14–15.[1] And, the court explained, Boyington failed altogether to participate in his supervision. The court agreed with defense counsel that in promulgating the Sentencing Guidelines the United States Sentencing Commission generally accounted for drug abuse and recidivism but stated that the Guidelines were not "designed for the situation that we find ourselves in right here." *Id.* at 15. The court therefore imposed a sentence of 18 months of imprisonment, followed by 12 months of supervised release.[2] Defense counsel objected to the variance.

This is Boyington's appeal.

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] The district court ordered that the first six months of Boyington's supervised release be served in home confinement. Boyington's Statement of the Issues in his appellate brief identifies the six-month term as substantively unreasonable. But he advances no substantive argument on that point. Since Boyington has failed to meaningfully argue that his six-month term of home confinement is unreasonable, we do not address it further.

## II.    STANDARD OF REVIEW

Upon revocation of supervised release, a district court must impose a sentence that is substantively reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008); *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006).  We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range, the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Generally, the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)." *Irey*, 612 F.3d at 1189 (internal quotation marks omitted).

When a sentencing court varies above the advisory guideline range, it must support that decision with a justification that is "'sufficiently compelling to support the degree of the variance.'" *Id.* at 1186 (quoting *Gall,* 552 U.S. at 50). "The district court may consider facts that were taken into account when formulating the guideline range for the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). We do not assume a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision

7

that the extent of the variance is justified by the § 3553(a) factors. *Irey*, 612 F.3d at 1187. That a sentence falls well below the statutory maximum is an indication of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

### III.    DISCUSSION

On appeal, Boyington argues that the district court erred by varying upward from his guideline range based on its conclusion that his circumstances were of a kind that the Guidelines did not contemplate. We disagree.

The record reflects that the district court properly considered the 18 U.S.C. § 3553(a) factors in imposing a sentence eight months above the top of the advisory guideline range. *Williams*, 526 F.3d at 1322. The court considered Boyington's drug addiction, the numerous violations of his conditions of supervision, and the failure of a previous, more lenient sentence to deter misconduct, factors that together support the degree of the variance. *Irey*, 612 F.3d at 1186. Although the district court acknowledged that the Guidelines' revocation provisions account for some of these factors, *see* U.S.S.G. Ch. 7, Pt. A, comment. n.3(b) (directing sentencing courts to consider the defendant's breach of trust, criminal history, and underlying violation), the court was entitled to also consider the factors when determining an appropriate sentence under § 3553(a). *See Dougherty*, 754 F.3d at 1362. The 18-month sentence also falls well below the 36-

month statutory maximum, one indicator of reasonableness.  *Croteau*, 819 F.3d at 1310.

Considering the totality of the circumstances, we cannot say that the district court abused its discretion in imposing an eight-month upward variance in this case.  *See Gall*, 552 U.S. at 51.  We therefore affirm.

**AFFIRMED.**

9