**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12027

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTHONY DEQUAN BUTLER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00046-AW-MAF-1

_____

Before JILL PRYOR, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Anthony Butler appeals his revocation of supervised release and sentence of 12 months' imprisonment followed by 15 months' supervised release, minus one day. He argues that the district court

plainly erred by considering retribution in imposing sentence at the revocation hearing, contrary to the Supreme Court's recent ruling in *Esteras v. United States*, 145 S. Ct. 2031 (2025). After thorough review, we affirm.

The relevant background is this. In August 2020, a grand jury returned an indictment charging Butler with theft of a firearm from a licensed firearm dealer, in violation of 18 U.S.C. §§ 922(u) and 924(i)(1); and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Butler pleaded guilty to both counts and was sentenced to 42 months in prison followed by three years of supervised release on each count, to be served concurrently.

In March 2024, a petition alleging a violation of Butler's supervised release was filed. It alleged that Butler had been charged with three new state law fraud-related violations; he had failed to notify the probation officer that he had been questioned by law enforcement officials; and he had failed to submit a truthful and complete monthly report. An amended petition was filed in April 2024, adding another violation, this time for testing positive for marijuana. In June 2024, Butler admitted to the violations other than the new state law offenses and was sentenced to one day credit for time served to be followed by three years (minus one day) of supervised release.

In October 2024, less than four months after the judgment on Butler's prior violation, another petition was filed alleging new violations of the terms of his supervised release. The new petition charged that Butler tested positive again for marijuana (violation

one), committed a new state law violation for aggravated battery (violation two), and failed to make payments towards his location monitoring obligations (violation three). In December 2024, a fourth violation was added to the petition for committing the state law violation of criminal mischief. At a revocation hearing held in May 2025, Butler admitted to violation one and was found by the district court to have violated the fourth charge.

In imposing sentence at the revocation hearing, the district court first discussed Butler's criminal history and characteristics, explaining that it had sentenced him years ago "for a pretty serious offense, and [he] got a relatively low sentence given the nature of the conduct there." The court said it had done so, "in part, based on what Mr. Butler had said at the sentencing about how he was going to turn over a new leaf, stay away from trouble." But since then, the court observed, "there's been a significant breach of the trust that goes along with that supervised release, and it keeps happening," including the preceding sentence of home detention the summer before for violations including drug possession. And, while he was on home detention, the court found, "we have this very serious episode here," which involved a "domestic dispute and . . . broken windows," and "do[ing] that while on supervision . . . is quite significant."

Turning to the penological interests in deterrence and protecting the public, the district court explained that "[t]his is somebody who keeps engaging in unlawful conduct, and we haven't seen [him] turn around" as had been expected. The district court

considered the types of sentences available and chose a prison term because Butler "needs supervision for all the reasons that I said." The court added that Butler had "lied in his testimony today, and that's certainly inconsistent with someone who would want to turn over a new leaf and put mistakes behind him and learn from it and move on." The court concluded that "a guideline sentence would be insufficient," and sentenced Butler to 12 months in prison followed by 15 months (minus one day) of supervision. This timely appeal follows.

We typically review sentences imposed upon revocation of supervised release for reasonableness under the deferential abuse of discretion standard. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006). However, we only review for plain error procedural sentencing issues raised for the first time on appeal. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error if no precedent from the Supreme Court or this Court directly resolves it. *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023). For an error to affect substantial rights, it must have been prejudicial, which

means that it must have affected the outcome of the trial court proceedings. *United States v. Olano*, 507 U.S. 725, 734 (1993). Finally, to satisfy the fourth prong of plain error review, a court must find that the error seriously affected a judicial proceeding on "a case-specific and fact-intensive basis." *Puckett v. United States*, 556 U.S. 129, 142 (2009).

Section 3583(e) of Title 18 governs permissive release revocation. 18 U.S.C. § 3583(e). Under the statute, a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering some, but not all, factors set forth in 18 U.S.C. § 3553(a). *Id.* The § 3553(a) factors require the sentencing court to consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the applicable guideline range, and (4) the need to provide the defendant with needed training, medical care, or correctional treatment. *Id.* §§ 3553(a)(1), (2)(D), (4); 3583(e). Additional factors include pertinent policy statements of the Sentencing Commission; protecting the public from the defendant's future criminal conduct; avoiding unwarranted sentencing disparities; and restitution to the victims. *Id.* §§ 3553(a)(2)(B), (C), (5)–(7); 3583(e). Notably, § 3583(e) does not include 18 U.S.C. § 3553(a)(2)(A), which provides that the district court consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A). The weight given to each factor lies within the district court's sound discretion, and it

may reasonably attach great weight to a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

In *Esteras v. United States*, a district court found that the defendant violated his terms of supervised release and ordered 24 months' re-imprisonment along with three more years of supervised release, pursuant to § 3583(e). 145 S. Ct. at 2037. The trial court cited the need to "promote respect for the law" under § 3553(a)(2)(A) as a reason for its decision. *Id.* On appeal, the Supreme Court presented the following question: "In determining whether to revoke a defendant's term of supervised release (per § 3583(e)), may a district court account for the need to exact retribution for the defendant's underlying crime (per § 3553(a)(2)(A))?" *Id.* at 2040. It noted that, "[b]ecause § 3553(a)(2)(A) speaks only to the 'offense,' and 'offense' here can mean only the underlying criminal conviction, [the Court was] address[ing] only whether § 3583(e) precludes the [sentencing] court from considering retribution for the underlying criminal conviction." *Id.* at 2040 n.5. It declined to take a position on the Sentencing Commission's view that "the sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision." *Id.*

Resolving a circuit split, the Supreme Court concluded that district courts cannot consider § 3553(a)(2)(A) when revoking supervised release. *Id.* at 2037–38, 2040. It reasoned that, when a defendant violates the conditions of his supervised release, it makes sense that a court "must consider the *forward-looking* ends of

sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-looking* purpose of retribution." *Id.* at 2041.  The Court explained that a sentencing court "may consider the nature and circumstances of the offense as relevant for the considerations set forth in §§ 3553(a)(2)(B), (C), and (D) -- namely, deterrence, incapacitation, and rehabilitation -- but a court cannot consider the nature and circumstances of the offense as relevant to § 3553(a)(2)(A)'s retributive focus." *Id.* at 2043.

As for the government's concerns that appellate courts could have difficulty determining if a court impermissibly relied on § 3553(a)(2)(A) in applying § 3583(e), the Court noted that much will turn on whether the defendant objects, thus giving the district court an opportunity to correct any error and clarify that it is not relying on the factors in § 3553(a)(2)(A), or whether plain-error review applies. *Id.* at 2045.  For instance, a district court may "explain that a stray reference to a § 3553(a)(2)(A) factor was intended to bear on another § 3553(a) factor or merely prefatory." *Id.*  Where a defendant does not object, "the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A)." *Id.*

Here, because Butler did not object on *Esteras* grounds at his second revocation hearing, we review only for plain error and can find none.  For starters, the Supreme Court's holding in *Esteras* was limited to a district's consideration of § 3553(a)(2)(A) for the defendant's *underlying* crime.  *See* 145 S. Ct. at 2040 & n.5.  Butler, by

contrast, is challenging the district court's consideration of his "breach of trust" *after* the underlying offense.

Moreover, the district court in *Esteras* expressly considered retribution -- specifically the need to "promote respect for the law" under § 3553(a)(2)(A). *Id.* at 2037. In Butler's case, however, the district court did not consider retribution; instead, it focused on Butler's history and characteristics, deterrence, the need to protect the public from Butler's further crimes, and the kinds of sentences available. In attaching significant weight to Butler's history and characteristics while under supervision, which happened to reflect his ongoing unwillingness to comply with the conditions of supervision, the district court acted well within its discretion. *See Kuhlman*, 711 F.3d at 1327.

On this record, there is no evidence that the district court relied on retribution in fashioning its sentence. And, Butler never suggested otherwise at the hearing. The long and short of it is that we can discern no error, let alone plain error. Accordingly, we affirm.

**AFFIRMED.**